■ MURRAY GOLDNER et al., Respondents, v KEMPER INSURANCE COMPANY et al., Defendants, and JOHN F. CONNELL CONSULTANTS, LTD., et al., Appellants.—Order, insofar as appealed from, unanimously reversed, on the law, without costs, and motion granted. Memorandum: The motion of defendants John F. Connell Consultants, Ltd. and Peter Rincones pursuant to CPLR 3212 for summary judgment dismissing the complaint against them should have been granted in its entirety. The two remaining counts as to which Special Term denied the motion allege that these defendants negligently investigated plaintiffs' fire loss. Liability for negligent conduct may be imposed only if it can be established that the defendants owe a duty to the plaintiffs *(see, Pulka v Edelman,* 40 NY2d 781). Connell and Rincones had a duty under their contract with Kemper Insurance Company 'and American Manufacturers Mutual to investigate and report on the fire

loss in a nonnegligent manner. That duty did not extend to plaintiffs. Although an obligation rooted in contract may sometimes engender a duty owed to those not in privity *(see, Strauss v Belle Realty Co.,* 65 NY2d 399, 402), and while the absence of privity does not foreclose recognition of a duty, the general rule is that "privity or its equivalent remains the predicate for imposing liability for nonperformance of contractual obligations" *(Henry v Guastella & Assoc.,* 113 AD2d 435, 437, *lv denied* 67 NY2d 605, and cases cited therein; *see also, Calamari v Grace,* 98 AD2d 74; *Holden v Boyle,* 80 AD2d 281).

*White v Guarente* (43 NY2d 356), relied on by Special Term, is inapposite. There the court found that defendant accounting firm, retained by a limited partnership to perform an audit and prepare tax returns, owed a duty to plaintiff, a limited partner, as a member of a "known group possessed of vested rights, marked by a definable limit and made up of certain components (see *Ultramares Corp. v Touche,* 255 NY 170, 182-185, *supra)"* *(White v Guarente,* 43 NY2d 356, 361, *supra).* In contrast, plaintiffs here do not qualify as members of a limited class whom defendants should have expected to rely upon their report. The duty of Rincones and Connell to investigate the fire loss in a competent manner was owed only to Kemper and American. (Appeal from order of Supreme Court, Monroe County, Tillman, J.—summary judgment.) Present—Callahan, J. P., Denman, Boomer and Pine, JJ.