■ CHRISTOPHER DiFILIPPO, Respondent, v HIDDEN PONDS ASSOCIATES et al., Appellants.—In an action to rescind a contract for the sale of real property and to recover the down payment on the ground of fraud in the inducement, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Brown, J.), entered June 2, 1987, as denied their cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted and the complaint is dismissed.

The plaintiff contends that he was fraudulently induced by the defendants to sign the contract for the purchase of one of the defendants' townhouses in that the defendants made oral representations to him that he would be permitted to rent the unit to a third party when, in fact, the applicable zoning ordinance provided that "[e]ach dwelling unit shall be owner occupied" (Town of Smithtown Zoning Ordinance § 54-10 [x] [5] [a]).

Contrary to the defendants' contention, neither the general merger clause contained in the agreement nor the plaintiff's express representation in the rider that he intended to occupy the premises himself precluded him from offering evidence of the defendants' oral representations. It is well settled that a general merger clause is ineffective to exclude parol evidence of fraud in the inducement in an action to rescind the con-

tract *(see, Sabo v Delman,* 3 NY2d 155; Richardson, Evidence § 610 [Prince 10th ed]). Furthermore, because the rider provision does not specifically disclaim reliance on any oral representation concerning the particular matter as to which plaintiff now claims he was defrauded, it does not foreclose him from offering evidence of the defendants' oral representations to the contrary *(see, GTE Automatic Elec. v Martins, Inc.,* 127 AD2d 545; *cf., Citibank v Plapinger,* 66 NY2d 90; *Danann Realty Corp. v Harris,* 5 NY2d 317).

Nonetheless, notwithstanding any evidence he may offer, the plaintiff's failure to ascertain for himself the restrictions of the Zoning Ordinance precludes his claim of fraudulent inducement. If the facts represented are not peculiarly within the representor's knowledge and the other party has the means available to him of knowing by the exercise of ordinary intelligence the truth or real quality of the subject of the representation he must make use of those means or he will not be heard to complain that he was induced to enter the transaction by misrepresentation *(Danann Realty Corp. v Harris, supra; Dunkin' Donuts v Liberatore,* 138 AD2d 559). The Zoning Ordinance is not a matter peculiarly within the defendants' knowledge and the plaintiff could have easily made inquiry as to whether it would permit him to rent the townhouse to a third party. In any event, soon after the contract was signed, the Ordinance was amended, at the defendants' prompting, to state that "nothing herein shall prevent an individual owner-occupant from renting his or her individual unit" (Town of Smithtown Zoning Ordinance § 54-10 [x] [5] [a]). Accordingly, summary judgment is granted to the defendants. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.