OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
This breach of contract action has its origins in an agreement for the construction of a municipal parking garage. While the construction project was underway, disputes arose concerning a number of issues, including defendant contractor’s entitlement to progress payments. As a consequence of these disputes, defendant discontinued further work on the project some five months before the contractually designated completion date. Plaintiff was forced to retain another contractor to finish the project and, as a result, the municipal parking garage was not ready to open at the anticipated time. Following the final disposition of an arbitration proceeding, plaintiff commenced the present action against defendant contractor for breach of contract damages.
After protracted litigation, defendant was found to have breached its contractual obligations, and plaintiff was awarded actual damages, as well as liquidated damages. The latter award was based on a liquidated damage clause in the parties’ agreement that provided: "As actual damages for any delay in completing the work * * * are impossible to determine, the Contractors and their Sureties shall be liable for * * * the sum of One Thousand Dollars * * * as fixed, agreed and liquidated damages for each calendar day of delay from the above stipulated completion * * * until such work is satisfactorily completed and accepted.” On cross appeals, the Appellate Division modified the judgment by, inter alia, subtracting the portion of the award that represented liquidated damages under this clause. The propriety of the Appellate Division’s decision on the liquidated damages question is the only issue before us on this appeal.
The liquidated damage clause on which plaintiff relies, by its terms, represents an attempt by the parties to anticipate and provide for the specific possibility that defendant’s satisfactory completion of the project might be delayed beyond the *914 agreed-upon date. The clause does not contain clear and unambiguous language, as it should, indicating that it was also intended to apply to defendant’s outright abandonment of the project, an entirely separate eventuality. Thus, as in Murphy v United States Fid. & Guar. Co. (100 App Div 93, 98, affd 184 NY 543), ”[t]he only reasonable interpretation which can be given to [the liquidated damage] provision is * * * that the liability for the stipulated sum did not accrue until the contractor had fulfilled [its] agreement,” and, consequently, the provision is not available in a case such as this, involving a complete renunciation of the contract.
Plaintiff’s contention that such an interpretation of its agreement would encourage contractors to abandon projects as a means of avoiding contractually agreed-upon liquidated delay damages is unavailing. Even assuming that such a concern has some practical foundation, owners who wish to protect themselves against it may negotiate for the inclusion of express contractual provisions for liquidated damages for delay even in the event of an abandonment. Accordingly, since these parties’ contract contained no such express provision, plaintiff was not entitled to an award for liquidated damages.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.