■ THOMAS J. RYZUK et al., Respondents, v TIMBER RIDGE HOMES AT THE WOODS, INC., Appellant

The plaintiffs alleged that they were fraudulently induced into entering the contract to purchase the subject premises by a misrepresentation by the defendant that it was a "superior lot". The defendant allegedly knew that the subject premises was not a superior lot since the defendant had previously filed a declaration of covenants and restrictions which provided that a 50-foot section of the property would be maintained as a natural and undisturbed buffer along an adjacent roadway. The defendant moved for summary judgment, noting that the plaintiffs could not recall any such misrepresentation during their examinations before trial. In opposition to the motion, the plaintiffs submitted their attorney's affirmation, in which they abandoned their claim that an affirmative misrepresentation had been made, but contended that a question of fact existed as to whether the defendant had failed to disclose the existence of the covenant.

The contract, however, provided that the sale was subject, *inter alia,* to "declarations, covenants, restrictions, reservations, exceptions, easements and agreements which have been recorded * * * provided they do not prevent the use of the premises as a one-family residence". Since it was undisputed that the restrictive covenant had been filed and was a matter of public record 6 months prior to the date the parties entered into the contract and 14 months prior to closing, the plaintiffs must be charged with constructive notice of the covenant *(see, Atlantic Beach Prop. Owners' Assn. v Town of Hempstead,* 3 NY2d 434, 437; *Meadow Run Dev. Corp. v Atlantic Ref. & Mktg. Corp.,* 155 AD2d 752; *Zamiarski v Kozial,* 18 AD2d 297, 298; *cf., Witter v Taggart,* 78 NY2d 234). Hence, the plaintiffs could not reasonably rely on any alleged misrepresentation or omission about the existence of the restrictive covenant *(see, Ponzini v Gatz,* 155 AD2d 590; *DiFilippo v Hidden Ponds*

*Assocs.*, 146 AD2d 737, 738). Moreover, the defendant submitted proof, which is uncontroverted, that the plaintiffs had actual knowledge of the restrictive covenant prior to the closing of title. Accordingly, the defendant is entitled to summary judgment dismissing the complaint. Bracken, J. P., Harwood, Lawrence and O'Brien, JJ., concur.