■ MARINE MIDLAND BANK, N. A., Respondent, v VIRGINIA WOODS LIMITED et al., Appellants, et al., Defendants. [608 NYS2d 473] —In a mortgage foreclosure action in which the appellants have asserted counterclaims to recover damages for negligence, the defendants Virginia Woods Limited, Richard Adler, Virginia Adler, and Jessica Mandy appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Putnam County (Dickinson, J.), dated September 24, 1991, which, *inter alia,* (1) granted the plaintiff's motion for summary judgment for the relief demanded in the complaint, and (2) severed and dismissed their counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Virginia Woods Limited (hereinafter VWL) obtained a mortgage on certain property from the plaintiff bank for $1,300,000. That sum was borrowed in order to build condominiums on the subject property, and the plaintiff also entered into a "building loan contract" with VWL. The other appellants guaranteed payment of the debt. VWL and the other appellants assert that they planned to develop the property and the plaintiff bank breached a duty to warn them that the mortgaged property could not in fact be developed as planned because it was burdened by a certain restriction.

The existence of this restriction was a matter of public record and was in fact noted as an exception contained in the title report made for the plaintiff bank. The defendant Richard Adler, VWL's president, has brought a separate action against the individual from whom he purchased the subject property, claiming he was deceived into believing, at the time he purchased the property, that the restriction had been removed (see, Adler v Helman, 169 AD2d 925). He nonetheless acknowledges in the present case that this restriction and the title report in which it was noted was discussed at the 1987 closing of the plaintiff bank's mortgage and building loan contract and that he was advised by VWL's attorney that "there were no impediments to the title to the property, or to VWL's right and ability to build condominium units".

We agree with the Supreme Court that the plaintiff bank has demonstrated its right to judgment as a matter of law. As part of the building loan contract, VWL had agreed that the contemplated construction project would "not violate any building restrictions * * * or other laws or regulations". Thus, it was defendant VWL, not the plaintiff, which had the obligation to determine the effect which the subject restriction might have on the feasibility of the project. VWL concededly had counsel, and under these and all the other circumstances of this case, any reliance placed by the appellants on the opinions expressed by the plaintiff or its attorneys would be unreasonable as a matter of law (see, e.g., Ryzuk v Timber Ridge Homes at Woods, 179 AD2d 751; DiFilippo v Hidden Ponds Assocs., 146 AD2d 737).

The bank had no duty to mitigate damages by suing the companies which furnished it with the title report noted above. Moreover, the recitations contained in the title report are correct. There was no failure to note an applicable restric-

tion. The appellants' remaining arguments are similarly meritless. Bracken, J. P., Miller, O'Brien and Altman, JJ., concur.