■ McNar Industries, Inc., Appellant, v Feibes & Schmitt, Architects, et al., Respondents. [667 NYS2d 88] —Carpinello, J. Appeals from two orders of the Supreme Court (Lynch, J.), entered October 28, 1996 and November 1, 1996 in Schenectady County, which granted defendants' motions for summary judgment dismissing the complaint.

In connection with a roof replacement project in the City of Schenectady, Schenectady County, the Schenectady Municipal Housing Authority hired plaintiff as its general contractor, defendant Feibes & Schmitt, Architects to provide architectural services and defendant David Sadowsky to oversee the project. Neither defendant entered into a contractual relationship with plaintiff concerning the project. Following this Court's affirmance of the dismissal of plaintiff's third-party action against defendants in a prior case (see, *Tempforce, Inc. v Municipal*

*Hous. Auth.,* 222 AD2d 778, *lv denied* 87 NY2d 811), plaintiff commenced this action alleging negligence, breach of contract and breach of warranty. At issue on this appeal is the propriety of Supreme Court's orders dismissing the negligence causes of action.*

In order for a party to recover on a cause of action for negligent misrepresentation, "there must be a showing that there was either actual privity of contract between the parties or a relationship so close as to approach that of privity" (*Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377, 382; *see, Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 424). Since plaintiff was not in direct privity with either defendant, we must determine whether the relationship between them was sufficiently close as to constitute the functional equivalent of privity (*see, id.*).

The crux of plaintiff's privity argument is that it relied on defendants' proper performance of their respective duties in connection with the project. According to plaintiff, defendants unreasonably withheld approval of certain materials, refused to allow use of the project site for staging purposes, withheld approval of necessary changes and failed to coordinate and/or correct design and material defects, and that it was damaged as a result of defendants' "negligent performance" of these respective project duties. In our view, these allegations fall short of establishing a relationship so close as to approach contractual privity because any architectural or supervisory services performed by defendants were not performed for plaintiff's benefit (*cf., Ossining Union Free School Dist. v Anderson LaRocca Anderson, supra*); accordingly, the negligence causes of action were properly dismissed (*cf., Freedman & Son v A. I. Credit Corp.,* 226 AD2d 1002, 1003; *Solondz v Barash,* 225 AD2d 996, 998-999).

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, without costs.

---

* Plaintiff has failed to address in its brief the dismissal of the remaining causes of action; thus, its appeal from their dismissals is deemed abandoned (*see, Horth v Mansur,* 243 AD2d 1041).