■ Robert O'Dell, Individually and as Natural Guardian of Nicolette O'Dell and Another, Infants, et al., Respondents, v Edward Ginsberg, Individually and as President of Dutchess Ltd., Appellant, and Kevin Donohue, Individually and as Building Inspector of the Town of Beekman, et al., Respondents. [677 NYS2d 583] —In an action, *inter alia*, to recover damages for breach of contract and fraud, the defendant Edward Ginsberg appeals from an order of the Supreme Court, Dutchess County (Bernhard, J.), dated June 23, 1997, which denied his motion to dismiss the plaintiffs' claims and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint and all cross claims are dismissed insofar as asserted against the defendant Edward Ginsberg.

The plaintiffs contracted with the defendant, Hampton Homes of Dutchess, Ltd. (hereinafter Hampton Homes), for the purchase of a parcel of land and the erection thereon of a new modular home. In their complaint, the plaintiffs asserted that the defendant, Edward Ginsberg, the president of Hampton Homes, made misrepresentations to them relating to the above-described transaction. After serving his answer, Ginsberg moved to dismiss the complaint and all cross claims asserted against him, but that motion was denied. The Supreme Court erred in denying the motion.

The plaintiffs essentially claimed that Ginsberg misrepresented to them five items relating to the subject transaction and that such misrepresentations led them to executing the subject contract. However, the plaintiffs stated that three of these alleged misrepresentations were made on dates following the execution of the contract. Clearly, there can be no fraud in the inducement as to these representations since one cannot be induced to sign a contract by representations made after the contract has already been executed.

Another of these misrepresentations relates to the size of the property. The plaintiffs claim that Ginsberg told them that the property was smaller than it in fact was. Even if such a misrepresentation was made, the claim relating to it is precluded since such facts in a case relating to the sale of property are not peculiarly within the seller's knowledge, and certainly the plaintiffs had the opportunity and means available to ascertain the correctness of this representation before signing the contract (*see, DiFilippo v Hidden Ponds Assocs.*, 146 AD2d 737; *Dunkin' Donuts v Liberatore,* 138 AD2d 559).

As to the plaintiffs' claim that Ginsberg misrepresented to

them that Hampton Homes would construct a modular home of superior design in a skillful manner, this states a cause of action sounding in contract, not tort. In this case the contract was between the plaintiffs and Hampton Homes so that Ginsberg, as president of that company, cannot be held personally liable (*see, Colucci v O'Brien,* 204 AD2d 257; *Westminster Constr. Co. v Sherman,* 160 AD2d 867).

The plaintiffs' claims for damages due to the intentional infliction of emotional distress or for punitive damages are also without merit (*see, Rocco v Town of Smithtown,* 229 AD2d 1034; *Dubecky v S2 Yachts,* 234 AD2d 501) as is their contention in favor of piercing the corporate veil to hold Ginsberg personally liable (*see, Anderson St. Realty Corp. v RHMB New Rochelle Leasing Corp.,* 243 AD2d 595).

Lastly, it should be noted that the other defendants named in this action (other than Hampton Homes) served answers in this action in which they cross-claimed against, among others, Ginsberg, for indemnity and/or contribution. These cross claims must also be dismissed since Ginsberg is in no way personally liable under the circumstances of this case (*see,* 23 NY Jur 2d, Contribution, Indemnity and Subrogation, §§ 1, 2). Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.