**TWENTY FIRST CENTURY L.P.I and Twenty First Century L.P.II., Plaintiffs,**

v.

**Joseph LaBIANCA, et al., Defendants.**

**No. 92 CV.2913.**

United States District Court, E.D. New York.

Sept. 1, 1998.

Herrick, Feinstein, New York, NY, James A. Moss, for plaintiff Twenty First Century.

Camhy, Karlinsky & Stein, New York, NY, Adam S. Ziffer, for defendant Michale Malpiedi.

Lawrence H. Schoenback, New York, NY, for defendant Richard Redzinksi,.

John Q. Kelly, New York, NY, for defendants Stephen Delli Bovi and Delli Bovi Construction Corp. d/b/a B.G. Improvement, J.M. Masonry & Tile Works, Inc. and Greco Steel & Iron Works, Inc.

Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman, Eugene Cimini, Jr., Garden City, NY, for Angelo Vignola and D & D Electric Co., defendants.

Gerald Kadish, New York, NY, for Joseph LaBianca defendant.

Michael H. Soroka, Garden City, NY, for Richard Mandell, defendant.

Fitzsimmons, Ringle & Jacobs, P.C., Andrew R. Jacobs, Newark, NJ, for defendant Stephen Klemas.

Molton & Meekins, Susan L. Meekins, New York, NY, for Robert Goldfine and Lucille Malpiedi Goldfine, defendants.

Michael F. Mongelli, II, Flusing, NY, for defendants John Ahern, James M. Ahern and James Michael, Inc.

## MEMORANDUM & ORDER

GLASSER, District Judge.

### BACKGROUND

Twenty First Century L.P.I and Twenty First Century L.P.II (collectively "Twenty First Century" and "plaintiff"), owned and

operated as many as 38 franchises for McDonald's restaurants in New York and New Jersey. Defendants, in two related schemes, embezzled and defrauded millions of dollars from Twenty First Century. In one scheme, defendants diverted monies paid by Twenty First Century for construction work and, in the other, defendants diverted monies that were paid by Twenty First Century for security services. This motion for partial summary judgment is directed toward some of the defendants who participated in the construction scheme. These defendants are: Michael Malpiedi, Richard Redzinski, Stephen Delli Bovi, Delli Bovi Construction Corporation, Angelo Vignola, and D & D Electric.

In 1987, plaintiff began a large construction project at its McDonald's stores. Defendant Joseph LaBianca ("LaBianca") was Vice President of Operations at the time the construction began and he was in charge of this construction company wide.

Prior to this time, in 1985, LaBianca had renewed an acquaintance with defendant Michael Malpiedi ("Malpiedi"), whom he had known when both were in the military. LaBianca suggested to Malpiedi that he form a construction company to do general contracting work for Twenty First Century. Thereupon, Malpiedi formed Jen T Contracting ("Jen T"). LaBianca steered general contracting work to Jen T and in return, Malpiedi submitted inflated invoices to Twenty First Century and kicked back a portion of the proceeds to LaBianca.

In February of 1988, Malpiedi became the Director of Construction at Twenty First Century at LaBianca's suggestion. Malpiedi was to contract directly with subcontractors for construction work and to supervise the construction. LaBianca and defendant Richard Redzinski ("Redzinski") were Malpiedi's immediate superiors at Twenty First Century.

Also at that time, Malpiedi encouraged his niece's husband, defendant Stephen Delli Bovi ("Delli Bovi"), to form a sham construction company that would contract to perform work that would actually be done by a legitimate firm. This sham company would then submit inflated invoices to Twenty First Century that were far in excess of the actual cost and kick back proceeds to Malpiedi. Eventually LaBianca and Redzinski were also receiving kickbacks.

Finally, other contractors joined the scheme. Defendant Angelo Vignola ("Vignola") and his company, defendant D & D Electric ("D & D"), were one of the principal outside contractors who participated in the scheme by submitting inflated invoices and paying kickbacks.

In 1990, another one of the outside contractors informed the owners of Twenty First Century, John H. Kornblith and his wife Dorothy Kornblith, about the construction scheme. Following an investigation by the company, law enforcement authorities were informed and arrests were made beginning in September of 1990.

On June 19, 1992, Twenty First Century commenced this action, asserting claims for fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conversion, constructive trust, commercial bribery, commercial bribe receiving, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. This civil action, however, was stayed during the pendency of the related criminal trial, *United States v. Joseph LaBianca and Stephen Delli Bovi*, 92–CR–579. In connection with this matter, Redzinski and Malpiedi pleaded guilty to various counts of wire fraud, mail fraud, and interstate transportation of checks taken by fraud, and Vignola pleaded guilty to one count of mail fraud. Delli Bovi was convicted of numerous counts of wire and mail fraud and obstruction of justice, but his conviction was reversed on appeal. Subsequently, Delli Bovi pleaded guilty to one count of transporting money in interstate commerce knowing it to have been stolen and one count of obstruction of justice. LaBianca was acquitted of all charges brought against him.

Plaintiff now argues that the plea allocutions, trial testimony, and sentencing hearings of each of the defendants subject to this motion provide the factual basis for granting

Twenty First Century summary judgment.[1]

## DISCUSSION

### I. Common Law Fraud

Plaintiff argues that since Malpiedi, Redzinski, Delli Bovi, and Vignola pleaded guilty to various counts of felony mail and/or wire fraud, they are estopped from contesting their liability for common law fraud in this action. Defendants, in turn, argue that summary judgment cannot be granted because plaintiff has not established reliance.

 In New York, "[a] cause of action for fraud may arise when one misrepresents a material fact, knowing it is false, which another relies on to its injury." *Gordon & Co. v. Ross,* 84 F.3d 542, 544 (2d Cir.1996). More specifically:

> To prevail on a claim for common law fraud, the plaintiff must prove that the defendant made a false representation of fact, that the defendant made the representation with scienter, that the defendant intended the plaintiff to act or to refrain from acting in reliance on the misrepresentation in taking ... action and that the plaintiff sustained pecuniary loss as a result of this reliance.

*First City National Bank & Trust Co. v. F.D.I.C.,* 730 F.Supp. 501, 513–14 (E.D.N.Y. 1990).

 In order to collaterally estop a defendant from being able to further litigate the issue of common law fraud, the elements proved by the state that led to defendant's criminal convictions must be similar enough to prove civil common law fraud. *Roso v. Saxon Energy Corp.,* 758 F.Supp. 164, 168 (S.D.N.Y.1991). "Just as it is clear that a guilty plea can collaterally estop the relitigation of certain issues in subsequent civil litigation, it also is clear that the estoppel extends only to those issues that were essential to the plea." *Goodridge v. Harvey Group Inc.,* 728 F.Supp. 275, 278–79 (S.D.N.Y.1990) (citing *Alsco–Harvard Fraud Litigation,* 523 F.Supp. 790, 802 (D.D.C.

1981)). "The party asserting collateral estoppel based on a guilty plea has the burden of showing precisely which facts the plea established." *Goodridge v. Harvey Group Inc.,* 728 F.Supp. 275, 279 (S.D.N.Y.1990) (citing *Appley v. West,* 832 F.2d 1021, 1026 (7th Cir.1987)).

Reliance on the part of plaintiff is not an element of a criminal prosecution for mail or wire fraud and thus this element of a common law claim for fraud was not established by Malpiedi's, Redzinski's, Delli Bovi's, and Vignola's guilty pleas. Nevertheless, although defendants are not estopped from challenging plaintiff's claim of reliance, plaintiff is entitled to summary judgment on this issue for the reasons stated below.

 It is undisputed that plaintiff paid each of the inflated invoices; therefore, plaintiff has established as a matter of law that it relied on defendants' fraudulent representations. Thus, the only remaining issue is whether such reliance was justified. In New York, "[t]he proper test of reliance in a fraud case is not 'reasonable' reliance, it is 'justifiable' reliance, a clearly less burdensome test." *Gordon & Co. v. Ross,* 84 F.3d 542, 546 (2d Cir.1996). Clearly, Twenty First Century's reliance on its employees' (one of whom was an officer of the corporation) approval of the vendors was justified. Redzinski was Twenty First Century's Director of Operations and then, after La Bianca left Twenty First Century, its Vice President of Operations, and Malpiedi was the Director of Construction. The very purpose of their positions in the company was to monitor the hiring of contractors and the construction itself. It seems fatuous to suggest that yet another officer or supervisor should have monitored Redzinski and Malpiedi.

 It is also clear that Twenty First Century was justified in relying on the invoices submitted to it by its vendors. As the New York courts have noted, "[i]f the facts represented are not peculiarly within the representor's knowledge and the other party has the means available to him of knowing by

the exercise of ordinary intelligence the truth or real quality of the subject of the representations he must make use of those means or he will not be heard to complain that he was induced to enter the transaction by misrepresentation." *DiFilippo v. Hidden Ponds Assocs.*, 146 A.D.2d 737, 738, 537 N.Y.S.2d 222 (2d Dep't 1989). Here plaintiff was not in the construction business. It was indeed because others in Twenty First Century lacked the requisite knowledge of construction that Redzinski and Malpiedi were employed. And, although Redzinski and Malpiedi had the means available to them to know if an invoice was inflated, they were themselves involved in the construction scheme. It is, therefore, specious to suggest that someone else in the corporation should have been able to look at the invoices and know "by the exercise of ordinary intelligence the truth" that they were irregular. As the Supreme Court has stated in discussing justified reliance in the context of common law fraud:

> [T]he edition of Prosser's law of Torts available in 1978 (as well as its current successor) state that justifiable reliance is the standard applicable to a victim's conduct in cases of alleged misrepresentation and that "[i]t is only where, under the circumstances, the facts should be apparent to one of his knowledge and intelligence from a cursory glance, or he has discovered something which should serve as a warning that he is being deceived, that he is required to make an investigation of his own." W. Prosser Law of Torts § 108, p. 718 (4th ed.1971); accord, W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 108, p. 752 (5th ed. 1984) (Prosser & Keeton).

*Field v. Mans,* 516 U.S. 59, 71–72, 116 S.Ct. 437, 133 L.Ed.2d 351.

Finally, in order for a non-movant in a summary judgment motion to establish that a dispute is "genuine," he must show more than "some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Here, although the defendants argue in broad terms that plaintiff has failed to prove reliance, no one has submitted even the semblance of a meaningful suggestion that plaintiff's reliance was anything but justified. Therefore, this court finds that there is no issue of fact regarding reliance and finds that defendants Malpiedi, Redzinski, Delli Bovi, Delli Bovi Construction, Vignola, and D & D Electric are liable for common law fraud as a matter of law.

## II. *Breach of Fiduciary Duty*

Plaintiff further argues that summary judgment should be granted against defendants Malpiedi and Redzinski for breach of fiduciary duty. Under New Jersey law,[2] "[a]n employee owes a duty of loyalty to the employer and must not, while employed, act contrary to the employer's interest." *Cameco, Inc. v. Gedicke,* 299 N.J.Super. 203, 213, 690 A.2d 1051, 1057 (N.J.1997) (quoting *Auxton Computer Enterprises, Inc. v. Parker,* 174 N.J.Super. 418, 425, 416 A.2d 952 (App.Div.1980)). Furthermore, Redzinksi became an officer of Twenty First Century in December of 1989 and therefore owed a fiduciary duty to plaintiff. *See In re ORFA Sec. Litig.,* 654 F.Supp. at 1455 ("Under New Jersey common law there can be no doubt that corporate officers have a fiduciary duty to both the corporation and its shareholders.").

Defendant Malpiedi argues that in order for Twenty First Century to prove a breach of fiduciary duty, it must show "a duty, a breach, an injury, and causation." *In re ORFA Sec. Litig.,* 654 F.Supp. 1449, 1457 (D.N.J.1987). Since Kornblith, the owner of Twenty First Century, was a sophisticated businessperson he should have ensured that

---

**2.** New Jersey law is applied to plaintiff's breach of fiduciary duty claim because at all relevant times, Twenty First Century was a New Jersey corporation with its headquarters located in New Jersey. Furthermore, Malpiedi and Redzinski were employed in New Jersey and worked out of the corporate offices in New Jersey. *See May-* *walt v. Parker & Parsley Petroleum Co.,* 808 F.Supp. 1037, 1059 (S.D.N.Y.1992) ("The law of the state in which an entity is formed or incorporated governs the nature and extent of that entity's fiduciary oblications and liability for violations of the law.").

McDonald's standard operating procedures were being followed and was bound to be diligent in supervising his senior management. The failure to do this, they argue, was the proximate cause of Twenty First Century's losses, not Malpiedi's and Redzinski's submission of inflated invoices.

■■■ Clearly Malpiedi and Redzinski's wrongdoing was a proximate cause of damage to Twenty First Century. Malpiedi and Redzinski intentionally submitted inflated invoices in order to obtain kickbacks. They knew that such invoices were being paid and that Twenty First Century was thereby harmed. They should be held liable for the direct consequences of their illegal actions. "It is well settled that where the acts of a defendant constitute an intentional tort or reckless misconduct, as distinguished from mere negligence, the aggravated nature of his acts is a matter to be taken into account in determining whether there is a sufficient causal relation to plaintiff's harm to make the actor liable therefor." *Seidel v. Greenberg,* 108 N.J.Super. 248, 261–62, 260 A.2d 863, 871 (N.J.1969). This court, therefore, finds Malpiedi and Redzinski liable for breach of fiduciary duty.

III. *Aiding and Abetting Breach of Fiduciary Duty*

■■■ Plaintiff further argues that Delli Bovi, and Delli Bovi Construction are liable for aiding and abetting the breaches of fiduciary duty of Malpiedi and Redzinski and that Malpiedi and Redzinski are liable for aiding and abetting the breaches of fiduciary duty of each other. Under New Jersey law, "[a] person is liable with another if he knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself." *Resolution Trust Corp. v. Spagnoli,* 811 F.Supp. 1005, 1014 (D.N.J.1993) (quoting *Judson v. Peoples Bank & Trust Co.,* 25 N.J. 17, 29, 134 A.2d 761 (1957)) (citing 4 Restatement, Torts (1939), § 876(b)). The only defense offered to this claim is again that Kornblith's failure to supervise his senior management was the proximate cause of Twenty First Century's injuries. Therefore, since there was no breach of fiduciary duty,

they contend, there can be no cause of action for aiding and abetting.

■■ This court, as discussed above, has determined that there indeed has been a breach of fiduciary duty and therefore a claim for aiding and abetting such a breach is actionable. It is clear from the guilty pleas and other admissions of defendants Malpiedi and Redzinski that each knew that the other was engaged in conduct that breached his fiduciary duty to Twenty First Century and that each assisted the other in his unlawful conduct. Therefore, summary judgment is granted against both Malpiedi and Redzinski for aiding and abetting breach of fiduciary duty.

Defendant Della Bovi admitted in his guilty plea that he submitted inflated invoices of Delli Bovi Construction to Twenty First Century and then used the proceeds to pay "kickbacks to the defendant Michael Malpiedi, who shared the kickbacks with the defendants Joseph LaBianca and Richard Redzinski." Della Bovi has offered no opposition to this summary judgment motion and this court finds that, as a matter of law, Delli Bovi and Delli Bovi Construction did aid and abet Malpiedi's and Redzinski's breach of fiduciary duty to Twenty First Century.

■■ Plaintiff also contends that defendants Vignola and D & D Electric aided and abetted Malpiedi's and Redzinski breaches of fiduciary duty. Vignola pleaded guilty to a criminal information that charged, *inter alia,* that he had "submitted and caused to be submitted to [Twenty First Century] false and fictitious invoices" from D & D Electric and that he "paid kickbacks to the employees of [Twenty First Century] who had approved the inflated D & D Electric invoices." Furthermore, during his testimony at the criminal trial, Vignola acknowledged that he inflated D & D's invoices as per the instructions of Malpiedi and that he knew that Redzinski was receiving a portion of the kickbacks.

Vignola argues that he cannot be liable for aiding and abetting a breach of fiduciary duty because he has not provided substantial assistance to the tortfeasor, which is required under New Jersey law. This is so, claims

Vignola, because at the time of the wrongdoing Malpiedi made it clear to Vignola that in order for D & D to continue to receive work from Twenty First Century, Vignola must pay him kickbacks.

In support of his proposition that therefore his submission of inflated invoices does not constitute substantial assistance, Vignola cites *Pereira v. United Jersey Bank*, 201 B.R. 644 (S.D.N.Y.1996). However, in *Pereira*, the plaintiffs alleged that certain banks aided and abetted the fraud of a check cashing company by providing the company with flexible banking terms that the company took advantage of to conceal its wrongdoing. There was no evidence that the banks were aware that the check cashing company was engaged in any fraudulent conduct nor that there was anything illegal about providing the company with flexible banking terms.

In contrast, Vignola purposely submitted inflated invoices to Twenty First Century and paid kickbacks to Twenty First Century employees. Plaintiff is correct that the facts of this case are more similar to those in *Resolution Trust Corp. v. Spagnoli*, 811 F.Supp. 1005 (D.N.J.1993) than *Pereira*. In *Spagnoli*, Spagnoli's wife was found liable for aiding and abetting her husband's breach of fiduciary duty to his employer because she endorsed checks from bank customers made out to her, accepted property deeded from customers made out in her maiden name, and transferred assets to other family members. Similarly in this case, Vignola, in order to retain Twenty First Century's business, knowingly aided Malpiedi and Redzinski in their breach of duty to their employer. Summary judgment is therefore granted to plaintiff on this issue and Vignola and D & D Electric are liable for aiding and abetting breach of fiduciary duty.

## IV. *RICO Claims*

Finally, plaintiff asserts that defendants Malpiedi, Redzinski, Delli Bovi, Delli Bovi Construction, Vignola, and D & D Electric are liable for civil RICO damages under 18 U.S.C. Section 1962(c).

■ To prove a claim under § 1962(c), a plaintiff must establish that (1) the defendant (2) through the commission of two or more predicate acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly participated in (6) an "enterprise" (7) the activities of which affected interstate or foreign commerce. *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir.1983). Furthermore, although the mail fraud statute itself contains no reliance requirement, a plaintiff must show reliance in order to recover under civil RICO. *See Metromedia Co. v. Fugazy*, 983 F.2d 350, 368 (2d Cir.1992); *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1311 (2d Cir.1990); *Moeller v. Zaccaria*, 831 F.Supp. 1046, 1054 (S.D.N.Y. 1993).

■ Defendants argue that plaintiff has not shown reliance on the false invoices. However, as already discussed, plaintiff has indeed established reliance. Defendants Malpiedi, Redzinski, Delli Bovi, and Delli Bovi Construction have not disputed any other aspect of plaintiff's summary judgment motion on this claim. Since this Court finds that plaintiff has established the other necessary elements of violation of § 1962(c), it grants plaintiff's motion for summary judgment on this claim against those defendants.

■ Defendant Vignola, however, offers other arguments against granting summary judgment against himself and D & D Electric. First, asserts Vignola, plaintiff has based his claim on only one predicate act— the mail fraud claim to which Vignola pleaded guilty. However, plaintiff cites not only to Vignola's plea agreement but also to his testimony at the criminal trial. At that time Vignola testified to the following:

Q: Did you take kickbacks in connection with the clam shell grill jobs?

A: Yes, I did.

Q: Would you look at each one of those exhibits, tell us whether you paid kickbacks in connection with those jobs?

A: Yes

Q: How much in kickbacks would you pay on the clam shell grill jobs?

A: Approximately $2,500

Q: Who did you give it to?

A: Michael Malpiedi.

Q: What form?

A: Cash.

Q: How were those invoices for the clam shell grill jobs sent to the company?

A: All of the clam shell grill bills were mailed directly from 130 Sheridan Boulevard, Inwood to Englewood, New Jersey.

Each mailing of those bills establishes a predicate act and thus the "two or more" requirement has been met.

■ Nevertheless, Vignola also asserts that he cannot be held liable for a RICO violation because the plaintiff has failed to establish that the Vignola defendants "participated" in an enterprise, which is a necessary element for RICO liability, and thus summary judgment should be granted for Vignola and D & D dismissing the RICO claim. Plaintiff, however, argues that Vignola's payment of kickback and submission of false invoices was sufficient participation to find liability under RICO.

Title 18 U.S.C. § 1962(c) states that it is unlawful "to conduct or participate, directly or indirectly, in the conduct of [a RICO] enterprise's affairs." The Supreme Court, in *Reves v. Ernst & Young,* 507 U.S. 170, 185, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993), interpretated the word "conduct" to "include an element of direction." *Reves,* 507 U.S. at 178, 113 S.Ct. 1163. As the Court stated:

> Once we understand the word "conduct" to require some degree of direction and the word "participate" to require some part in that direction, the meaning of § 1962(c) comes into focus. In order to "participate, directly or indirectly, in the conduct of such enterprise's affairs," one must have some part in directing those affairs.

*Id.* at 179, 113 S.Ct. 1163.

The Second Circuit, in *United States v. Allen,* 155 F.3d 35 (2d Cir.1998), has recently had the opportunity to apply the principles of *Reves* to a case factually similar to the one here. In *Allen,* it was undisputed that the defendants at issue had bribed workers at a garbage dump in exchange for which the employees underreported the weight of the defendants' trucks, thereby undercharging the defendants for fees for dumping at the landfill. The district court granted summary judgment for the government, finding that the defendants were liable for violations of 18 U.S.C. § 1962(c).

The Court of Appeals, however, reversed the district court stating that

> [u]nless a civil RICO defendant is indisputably directing the affairs of the enterprise, his commission of crimes that advance its objectives must be assessed by a fact-finder to determine whether or not his criminal activity, assessed in the context of all the relevant circumstances, constitutes participation in the operation or management of the enterprise's affairs.... A reasonable fact-finder could find that payment of the bribes either did or did not render the defendants liable under section 1962(c).

The same is true here. It is not the case that Vignola was indisputably directing the affairs of the enterprise by paying kickbacks to Malpiedi and Redzinski. Indeed, it is possible that a reasonable fact-finder could determine that Malpiedi and Redzinski used their control of Twenty First Century to coerce outside vendors into submitting inflated invoices and paying kickbacks and that the vendors, including Vignola, did not "operate" or "manage" the illegal enterprise.[3] On the other hand, *Reves* also stated that "[a]n enterprise also might be 'operated' or 'managed' by others 'associated with' the enterprise who exert control over it as, for example, by bribery." *Reves,* 507 U.S. at 184, 113 S.Ct. 1163. Thus a reasonable fact-finder could also determine that Vignola was liable under RICO.

This court, therefore, declines to grant summary judgment for either the plaintiff or Vignola and D & D. Rather, the question of whether Vignola's and D & D's involvement in the RICO enterprise was sufficient to constitute participation in the operation or management of the enterprise's affairs is to be answered by the finder of fact at trial.

---

**3.** Delli Bovi and Delli Bovi Construction stand on a different footing from the outside vendors in that Delli Bovi was intimately involved in the creation of the scheme and created Delli Bovi Construction solely for the purpose of carrying out the illegal enterprise. Thus, they are "indisputably directing the affairs of the enterprise."

**44**

Similarly, it is evident that defendants Malpiedi, Redzinski, Delli Bovi, and Delli Bovi Construction are liable for violating 18 U.S.C. § 1962(d) by conspiring to violate RICO. However, for the reasons discussed above, summary judgment will not be granted against defendants Vignola and D & D on this claim, which must be presented to a trier of fact.

### V. *Damages*

The issue of damages is referred to Magistrate Judge John L. Caden. Magistrate Judge Caden is to prepare a Report and Recommendation discussing the proper amount of damages for each claim for which summary judgment has been granted.

### CONCLUSION

Summary judgment is granted to the plaintiff as follows: Malpiedi, Redzinski, Delli Bovi, Delli Bovi Construction, Vignola, and D & D Electric are liable for common law fraud. Malpiedi and Redzinski are liable for breach of fiduciary duty. Malpiedi, Redzinski, Delli Bovi, Delli Bovi Construction, Vignola, and D & D Electric are liable for aiding and abetting breaches of fiduciary duty. Malpiedi, Redzinski, Delli Bovi, and Delli Bovi Construction are liable for civil RICO damages under 18 U.S.C. § 1962(c) and § 1962(d).

Plaintiff's summary judgment motion is denied insofar as it concerns Vignola's and D & D Electric's liability under RICO. Vignola's and D & D's motion for summary judgment on plaintiff's RICO claims against them is also denied.

SO ORDERED.