■ NICOLA LANARO, Appellant, v ROBERT A. BOSMAN, Defendant, and CHARLES R. ACKERBAUER, Respondent. [696 NYS2d 552]

—Yesawich Jr., J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 9, 1998 in Schenectady County, which granted defendant Charles R. Ackerbauer's motion for summary judgment dismissing the complaint against him.

In 1994, plaintiff entered into a contract to purchase from US Land Acquisition and Development Corporation 77 improved building lots located in the Town of Johnstown, Fulton County. Under the agreement, any claims for breach of contract were to be submitted to arbitration. In 1996, plaintiff commenced this action against defendants, Robert A. Bosman* and Charles R. Ackerbauer (hereinafter defendant), respectively the president of and an engineer employed by US Land Acquisition. It is alleged that defendant was "negligent in the design, installation, construction and development of the infrastructure required by the contract and failed to adequately supervise" the work. In addition, relying on a letter from defendant to US Land Acquisition stating that the subject lots would meet building code and Town requirements, plaintiff avers that he was fraudulently induced to enter into the contract. Supreme Court subsequently granted defendant's motion for summary judgment dismissing plaintiff's complaint and this appeal followed.

Inasmuch as defendant owed no duty to plaintiff, the latter cannot assert a claim for negligence against him. Furthermore, a breach of contract may not be considered a tort unless a legal duty independent of the contract itself has been violated (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389); that is, the duty must arise from circumstances outside of, and not constituting elements of, the contract, although it can be connected with and dependent upon the contract (*see, id.*, at 389). Here, defendant was not a party to the contract, and nothing in the record justifies inferring that he owed plaintiff any legal duty.

Plaintiff's related argument that his relationship to defendant was tantamount to that of contractual privity is to no avail, for it is clear from the record that the work performed by defendant was intended to benefit US Land Acquisition only and not plaintiff (*see, McNar Indus. v Feibes & Schmitt, Architects*, 245 AD2d 993, 994, *lv denied* 91 NY2d 812). And given the absence of proof that defendant and US Land Acquisition entered into the contract for plaintiff's benefit, his claim to third-party beneficiary status lacks substance (*see, Board of Mgrs. v Schorr Bros. Dev. Corp.*, 182 AD2d 664, 665).

Also untenable is plaintiff's charge that he was induced to

---

* Plaintiff has not appealed from a judgment summarily dismissing his complaint against Bosman.

enter the contract by fraudulent representations contained in a letter from defendant to US Land Acquisition. It suffices to note that plaintiff could not have been prevailed upon to enter into an agreement that was signed on July 1, 1994, and had an effective date of May 1, 1995, by a letter dated May 10, 1995 (*see, O'Dell v Ginsberg*, 253 AD2d 544).

Mikoll, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.