■ NICK MARINIS et al., Respondents, v IRA SCHERR et al., Appellants. [761 NYS2d 305] —In an action to recover on two promissory notes, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Barone, J.), entered January 8, 2003, as, after a nonjury trial, is in favor of the plaintiffs and against them on the complaint and dismissing the counterclaim alleging fraud.

Ordered that the notice of appeal from an order of the same court entered June 18, 2003, is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further;

Ordered that one bill of costs is awarded to the respondents.

The plaintiffs brought this action to recover on two promissory notes executed by the defendants. The defendants gave the notes as partial consideration for their purchase of two bagel businesses from the plaintiffs. The defendants asserted various counterclaims, including one alleging that the plaintiffs fraudulently induced them to enter into the contracts to purchase the businesses by not revealing that one of the stores was in violation of a local zoning ordinance. After a nonjury trial, the Supreme Court found, inter alia, that the plaintiffs were entitled to judgment on their complaint and the dismissal of the counterclaim alleging fraud. We affirm.

The Supreme Court properly awarded the plaintiffs judgment on their complaint, as the evidence adduced at trial established that the defendants defaulted on the promissory notes payable to the plaintiffs. Contrary to the defendants' contention, the plaintiffs are entitled to the dismissal of the counterclaim alleging fraud. Although the general disclaimer and merger clause in the contract for the sale of the businesses is not a basis to preclude parol evidence of fraud in the inducement (*see Danann Realty Corp. v Harris,* 5 NY2d 317 [1959]; *Busch v Mastropierro,* 258 AD2d 492 [1999]), the fact that one of the stores violated the local zoning ordinance was not a matter peculiarly within the plaintiffs' knowledge and could have been discovered by the defendants through the exercise of due diligence (*see Platzman v Morris,* 283 AD2d 561 [2001]; *Cohen v Cerier,* 243 AD2d 670, 672 [1997]; *DiFilippo v Hidden Ponds*

*Assoc.,* 146 AD2d 737 [1989]). Feuerstein, J.P., Friedmann, Luciano and Townes, JJ., concur.