■ WARNER J. MICCICHE, Appellant, v HOMES BY THE TIMBERS, INC., et al., Respondents. [767 NYS2d 56]—

In an action, inter alia, to rescind a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated October 3, 2002, which denied his motion for summary judgment on the complaint and to dismiss the counterclaim.

Ordered that the order is affirmed, with costs, and, upon searching the record, the defendants are awarded summary judgment dismissing the complaint, the defendant Homes by the Timbers, Inc., is awarded summary judgment on the issue of liability on its counterclaim, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the counterclaim.

In March 2002 the plaintiff entered into a contract with the defendant Homes by the Timbers, Inc. (hereinafter the seller), to purchase two undeveloped parcels of real property within the Town of Brookhaven. The contract, which identified the two parcels by lot numbers on a map, recited that the lots were situated within an unincorporated area known as Mt. Sinai. Record searches conducted by the plaintiff after the parties entered into the contract, however, allegedly revealed that the lots were within Port Jefferson Station.

After demands for the return of his down payment were rejected, the plaintiff commenced this action against the seller and the escrow agent to rescind the contract and for the return of the down payment. The sole theory of recovery advanced in the complaint was that the seller misrepresented the identity of the location of the parcels. The defendants' answer, inter alia, denied the allegations of misrepresentation, and counterclaimed for specific performance or damages. The Supreme Court denied the plaintiff's motion for summary judgment on the complaint and to dismiss the defendants' counterclaim, resulting in this appeal.

The Supreme Court correctly denied the plaintiff's motion. Even assuming that the description of the location of the parcels

was erroneous, the plaintiff may not rescind the contract on ground of misrepresentation, as the true situs of the property was not a matter peculiarly within the seller's knowledge, and could easily have been, and, in fact, belatedly was, ascertained by the plaintiff through the exercise of reasonable diligence (*see Marinis v Scherr*, 306 AD2d 448 [2003]; *Kay v Pollak*, 305 AD2d 637 [2003]; *O'Dell v Ginsberg*, 253 AD2d 544 [1998]; *Ryzuk v Timber Ridge Homes at Woods*, 179 AD2d 751 [1992]).

Although the seller did not cross-move for summary judgment, this Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (*see* CPLR 3212 [b]; *Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429 [1996]; *Selter v MCM Distribs.*, 299 AD2d 332 [2002]). Here, since the sole basis for rescinding the contract asserted by the plaintiff was shown to be without merit, we award summary judgment dismissing the complaint and on the issue of liability on the seller's counterclaim, and remit to the Supreme Court for further proceedings on the counterclaim. Ritter, J.P., S. Miller, Goldstein and Townes, JJ., concur.