■ Savoy Little Neck Associates, L.P., et al., Respondents, v Halpern Construction, Inc., et al., Appellants. [766 NYS2d 351]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered January 6, 2003, which, to the extent appealed from as limited by the brief, denied defendants' motion for partial summary judgment dismissing claims for certain damages sought by plaintiffs, unanimously modified, on the law, to dismiss plaintiffs' claims for unpaid mechanic's liens, without prejudice to subsequent claims for indemnification, and to strike their claims for liquidated damages, and otherwise affirmed, without costs.

Defendants have failed to demonstrate that amounts owed by

plaintiffs to their subcontractors are not recoverable. Contrary to defendants' interpretation, we do not construe plaintiffs' bill of particulars as representing that they owe no money to any subcontractor. Moreover, the charts relied upon by defendants are far from clear in delineating the extent of plaintiffs' claims. As to recovery for mechanic's liens filed by subcontractors, it has not been shown that plaintiffs have paid, or intend to pay, such liens (*see Mars Assoc. v New York City Educ. Constr. Fund*, 126 AD2d 178, 191 [1987], *lv dismissed* 70 NY2d 747 [1987]). Thus, these claims should be dismissed without prejudice to subsequent claims predicated upon indemnification (*see McDermott v City of New York*, 50 NY2d 211, 216 [1980]). Finally, the contract does not unambiguously indicate that the liquidated damages provision was intended to apply to abandonment or termination of the contract, not merely delay in completion (*see City of Elmira v Walter*, 76 NY2d 912, 914 [1990]) and, therefore, the claims for liquidated damages should be dismissed. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Lerner, JJ.