■ CLEANGEN CORP., Appellant, v FILMAX CORP. et al., Respondents. [772 NYS2d 692]—

In an action, inter alia, seeking to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kitson, J.), dated August 15, 2002, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

On May 1, 2001, the parties entered into an agreement, whereby the plaintiff agreed to sell its laundromat business to the defendant Philip Noble for the sum of $275,000. Under the terms of the sales agreement, the buyer agreed to pay the sum of $30,000 upon execution, the sum of $90,000 at closing, and the balance of $180,000 at closing through the execution of a promissory note. Subsequently Noble, president of the defendant Filmax Corp. (hereinafter Filmax) assigned his interest in the agreement to Filmax. Noble also personally guaranteed payment of the promissory note.

After Filmax ceased making payments under the promissory note, the plaintiff commenced this action and moved for summary judgment. Filmax opposed the motion, claiming that it ceased making payments under the note after it discovered that the underground water filtration system at the laundromat business was inoperable and that the business was operating in

violation of state environmental regulations. The Supreme Court denied the plaintiff's motion.

Contrary to the plaintiff's contention, the general language of the disclaimer clause in the sales agreement did not preclude Filmax's defense of fraud in the inducement or preclude its introduction of parol evidence to establish its reliance on certain representations made by the plaintiff (*see Sabo v Delman*, 3 NY2d 155, 161 [1957]; *DiFilippo v Hidden Ponds Assoc.*, 146 AD2d 737, 738 [1989]). Although the plaintiff met its prima facie burden of establishing its entitlement to judgment as a matter of law, the defendants, in opposition to the motion, raised issues of fact as to whether the condition of the filtration system was peculiarly within the plaintiff's knowledge and whether Filmax could have discovered the condition of such system through means of "ordinary intelligence" (*Black v Chittenden*, 69 NY2d 665, 669 [1986]; *cf. DiFilippo v Hidden Ponds Assoc.*, *supra*).

The plaintiff's remaining contention is without merit. Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.