■ VILLAGE OF NEW PALTZ et al., Appellants, v MERLEX CONTRACTING, INC., et al., Respondents. [784 NYS2d 661]—

Rose, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered September 16, 2003 in Ulster County, which, inter alia, denied plaintiffs' motion for partial summary judgment.

Plaintiffs contracted with defendant Merlex Contracting, Inc.

to renovate a public swimming pool. When Merlex did not meet a revised deadline for completion of the work, plaintiffs informed defendant Insurance Company of the State of Pennsylvania (hereinafter ISOP), which had posted a performance bond for Merlex. In response, ISOP contacted defendant Claims Resolution Company, Inc. (hereinafter CRC) to investigate plaintiffs' claim. Plaintiffs ultimately terminated the contract with Merlex, informed all defendants of their election to assess the liquidated damages for delays in performance provided for in the contract and commenced this action to recover their actual and liquidated damages. When plaintiffs moved for partial summary judgment awarding liquidated damages, Merlex and ISOP opposed, and CRC cross-moved for summary judgment dismissing the complaint on the ground of a lack of privity between plaintiffs and CRC. Supreme Court, among other things, granted CRC's cross motion, denied plaintiffs' motion and dismissed their claim for liquidated damages. Plaintiffs now appeal and we affirm.

The liquidated damages clause in the contract here fails to indicate unambiguously that liquidated damages would be recoverable if performance were not completed due to termination of the contract by plaintiffs (*see City of Elmira v Walter*, 76 NY2d 912, 914 [1990]; *Savoy Little Neck Assoc. v Halpern Constr.*, 1 AD3d 129, 130 [2003]). Accordingly, Supreme Court properly denied plaintiffs' motion for partial summary judgment and dismissed their claim for liquidated damages.

As for plaintiffs' contention that CRC owed a duty of care to plaintiffs in investigating their bond claim, there is no evidence that CRC's services were performed for plaintiffs' benefit or that it knew plaintiffs would rely on its report regarding Merlex's performance (*see McNar Indus. v Feibes & Schmitt, Architects*, 245 AD2d 993, 994 [1997], *lv denied* 91 NY2d 812 [1998]; *Goldner v Kemper Ins. Co.*, 125 AD2d 954, 954-955 [1986]; *see also Rothberg v Reichelt*, 270 AD2d 760, 762 [2000]; *Bardi v Farmers Fire Ins. Co.*, 260 AD2d 783, 787 [1999], *lv denied* 93 NY2d 815 [1999]). Thus, we find no relationship approaching privity sufficient to withstand CRC's motion for summary judgment.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.