■ REVITAL ROMAN JOSEPH et al., Respondents, v NRT INCORPORATED et al., Appellants. [841 NYS2d 38]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered May 9, 2006, which denied the motion for summary judgment on behalf of all defendants, and order, same court and Justice, entered May 19, 2006, which denied the subsequent motion for summary judgment by defendant Rowley, unanimously affirmed, without costs.

Plaintiffs purchased a condominium apartment advertised as

having three bedrooms, but later learned that the seller's renovation had added two bedrooms with windows unlawfully placed on the lot line (*see* Administrative Code of City of NY §§ 27-732—27-734) to what was legally a one-bedroom apartment. Plaintiffs then commenced this action asserting causes of action for fraud and negligent misrepresentation in the sale of the condominium unit.

Given the lack of prejudice to plaintiffs, the motion court erred in basing its denial of summary judgment to the broker defendants on a misnomer defect in their notice of motion (*see* CPLR 2101 [f]). However, summary judgment was properly denied as premature, since no discovery had been conducted and questions of fact exist as to whether the brokers, individually and as agents for the seller, materially misrepresented the number of legal bedrooms in the unit and, if so, whether plaintiffs justifiably relied on such misrepresentations. The general disclaimer clause in the contract of sale would not bar parol evidence, as there was no specific disclaimer in the contract regarding reliance on representations as to the legality of bedrooms (*see Cleangen Corp. v Filmax Corp.*, 3 AD3d 468 [2004]; *cf. Danann Realty Corp. v Harris*, 5 NY2d 317 [1959]).

Defendants are correct in contending that they would not be liable for the alleged misrepresentation if the facts misrepresented were not matters peculiarly within their knowledge and plaintiffs had the means to discover the truth by the exercise of ordinary intelligence (*see Danann Realty Corp.*, 5 NY2d at 322; *Goldman v Strough Real Estate*, 2 AD3d 677, 678 [2003]; *1537 Assoc. v Kaprielian Enters.*, 259 AD2d 447 [1999]; *DiFilippo v Hidden Ponds Assoc.*, 146 AD2d 737, 738 [1989]). In this case, however, the existing record does not establish that this principle bars plaintiffs' claim. While defendants suggest that documents made available to plaintiffs prior to contracting (specifically, the condominium plan, original floor plan, and certificate of occupancy) gave notice that the rooms in question were not legal bedrooms, these documents are not in the record, and nothing in the record establishes that they contained information that would have alerted a reasonable person to the problem (*cf. Mirandi v 210 W. 19th St. Condominium*, 248 AD2d 198, 199 [1998]). We further note that defendants have not specifically argued that the legal status of the rooms could have been ascertained other than from the documentation to which they point. Hence, it would be premature to grant defendants summary judgment at this juncture.

We have considered defendants' remaining arguments and find them without merit. Concur—Friedman, J.P., Marlow, Sweeny, Catterson and Malone, JJ.