Petric & Assoc., Inc. v Travelers Cas. & Sur. Co. (2021 NY Slip Op 04245)





Petric & Assoc., Inc. v Travelers Cas. & Sur. Co.


2021 NY Slip Op 04245


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-00250
2018-04664
 (Index No. 7223/14)

[*1]Petric & Associates, Inc., appellant, 
v
Travelers Casualty and Surety Company, et al., defendants, KTA-Tator Engineering Services, P.C., respondent.


The Law Office of Eliza D. Stahl, P.C., Deer Park, NY (Amanda C. Kaufold of counsel), for appellant.
Donovan Hatem LLP, New York, NY (Scott K. Winikow and Patricia B. Gary, pro hac vice, of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered October 30, 2017, and (2) an order of the same court entered March 29, 2018. The order entered October 30, 2017, insofar as appealed from, in effect, granted that branch of the motion of the defendant KTA-Tator Engineering Services, P.C., which was, in effect, for summary judgment dismissing so much of the eleventh cause of action as alleged negligence. The order entered March 29, 2018, sua sponte, clarified a prior order.
ORDERED that the appeal from the order entered March 29, 2018, is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a]), and leave to appeal has not been granted; and it is further,
ORDERED that the order entered October 30, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant KTA-Tator Engineering Services, P.C.
The defendant Conti of New York, LLC (hereinafter Conti), entered into a contract with the New York City Department of Transportation (hereinafter NYCDOT) to serve as a general contractor for a construction project at the St. George Staten Island Ferry Terminal. Conti entered into two subcontracts with the plaintiff, pursuant to which the plaintiff was to perform certain cleaning and painting work on the project. The defendant KTA-Tator Engineering Services, P.C. (hereinafter KTA-Tator), was hired by HAKS Engineers, Architects and Land Surveyors, P.C. (hereinafter HAKS), as a subconsultant pursuant to HAKS's contract with NYCDOT. KTA-Tator was charged, among other things, with inspecting the work performed by the plaintiff.
After the plaintiff was discharged by Conti prior to completion of the work, the [*2]plaintiff commenced this action against KTA-Tator, among others, alleging, in the eleventh cause of action, inter alia, that KTA-Tator was negligent in performing its inspection of the plaintiff's work, leading to delays and increased costs. KTA-Tator moved, in effect, among other things, for summary judgment dismissing so much of the eleventh cause of action as alleged negligence. In an order entered October 30, 2017, the Supreme Court, inter alia, in effect, granted that branch of the motion, and the plaintiff appeals.
The portion of the eleventh cause of action against KTA-Tator sounding in negligence "requires that the underlying relationship between the parties be one of privity of contract, or that the bond between them be so close as to be the functional equivalent of privity" (Perfetto v CEA Engrs., P.C., 114 AD3d 835, 836; see Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417, 425). Contrary to the plaintiff's contention, its relationship with KTA-Tator was not the functional equivalent of contractual privity, as the work performed by KTA-Tator was intended to benefit HAKS and NYCDOT, and not the plaintiff (see Village of New Paltz v Merlex Contr., Inc., 12 AD3d 745, 746; Lanaro v Bosman, 265 AD2d 623, 624; McNar Indus. v Feibes & Schmitt, Architects, 245 AD2d 993, 994). In the absence of such a relationship, KTA-Tator was properly, in effect, awarded summary judgment dismissing so much of the eleventh cause of action as alleged negligence (see Perfetto v CEA Engrs., P.C., 114 AD3d at 836).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court