■ PAUL BARRY, Respondent, v SARATOGA HOMES, LTD., et al., Appellants, et al., Defendants. (And 17 Other Related Actions.)—Mahoney, P. J. Appeals (1) from 18 orders of the Supreme Court (Brown, J.), entered December 17, 1986 in Saratoga County, which, inter alia, granted plaintiffs' motions for summary judgment on the first cause of action of the complaints and denied defendant Frank Barbera's cross motion for, inter alia, summary judgment dismissing the complaint against him, and (2) from an order of said court, entered August 27, 1987 in Saratoga County, which denied a motion by defendants Frank Barbera and Saratoga Homes, Ltd., for reargument and/or renewal.

Plaintiffs in each of the 18 separate actions are homeowners who contracted with defendant Saratoga Homes, Ltd., for the construction of new homes in defendant Town of Clifton Park, Saratoga County. The various contracts provided that Saratoga Homes would construct each home in such a manner that it would comply with "all the relevant laws and applicable building codes and regulations". After construction was completed, defendant C. Robert Ketchum, the town's Building Inspector, issued a certificate of occupancy for each of the homes. Subsequent to moving into their new homes, plaintiffs noticed certain defects in the construction and investigations by the town's engineers found that certain violations did exist. An investigation by the Department of State resulted in a comprehensive study revealing that the construction of the homes violated the Uniform Fire Prevention and Building Code (9 NYCRR part 650).

Plaintiffs commenced actions against Saratoga Homes, defendant Frank Barbera (president of Saratoga Homes), the town and Ketchum for damages incurred by reason of defendants' alleged negligence and breach of contract. The first cause of action in each complaint alleged that Saratoga

Homes failed to build the homes in compliance with relevant laws and regulations. The fourth cause of action in each complaint alleged that Barbera was individually liable for negligence and breach of contract. In response to plaintiffs' motions for summary judgment on the first and fourth causes of actions, Barbera supplied an affidavit in opposition to those motions and also cross-moved for, *inter alia*, summary judgment dismissing the complaint against him, i.e., the fourth cause of action. In his affidavit, Barbera maintained that the homes were built in substantial compliance with relevant codes and that this substantial compliance was the standard practice in the industry. Supreme Court granted plaintiffs' motions for summary judgment on the first cause of action against Saratoga Homes but denied their motions and Barbera's cross motion insofar as they sought summary judgment on the fourth cause of action of each complaint. Saratoga Homes and Barbera (hereinafter collectively referred to as defendants) now appeal from each of these 18 orders. Defendants also moved for reargument and/or renewal. Because no new proof was submitted, Supreme Court treated this motion as one for reargument and denied the motion. Defendants also appeal from this order.

In his affidavit, Barbera, in his capacity as president of Saratoga Homes, admits that "Saratoga Homes built the houses in substantial compliance with the applicable code provisions * *-* Due to the complexity of the building code and variations in interpreting it no house is built entirely in perfect compliance with the code." Despite defendants' contention that they cannot be held liable because they substantially performed the terms of the contracts, the law of New York is to the contrary. The courts of this State have never held that a party can discharge his obligation by less than full performance (22 NY Jur 2d, Contracts, §§ 315-320). Moreover, here the various contracts provided that construction would be substantially completed by a certain date. No such qualifying language appears in relation to building code compliance, supporting a finding that the parties intended full compliance.

Next, we reject defendants' argument that plaintiffs have not set forth sufficient proof that violations of the building code existed. There were two exhibits before Supreme Court citing various violations, one of which was compiled by the Department of State. These reports constituted admissible evidence on which Supreme Court based its decision on the summary judgment motions *(see, Kozlowski v City of Amsterdam,* 111 AD2d 476).

We also concur in Supreme Court's determination to deny Barbera's cross motion for summary judgment dismissing the fourth cause of action. Barbera signed each of the contracts for Saratoga Homes in his capacity as president and, despite his contention that his involvement in the construction of the homes was minimal, plaintiffs have alleged that his involvement was more than that of a distant supervisor. Accordingly, a material question of fact exists regarding Barbera's personal involvement in the completion of the construction contracts. Therefore, Barbera's cross motion for summary judgment was properly denied (see, Shaw v Time-Life Records, 38 NY2d 201, 207; Indig v Finkelstein, 23 NY2d 728).

Finally, the grounds advanced by defendants in support of their motion for reargument and/or renewal were correctly deemed by Supreme Court to be mere rephrasings of allegations made on their summary judgment motion. Accordingly, the motion was correctly held to be one for reargument. The denial of a motion for reargument is not appealable (Dennis v Stout, 24 AD2d 461) and, as such, is not properly before this court.

Orders entered December 17, 1986 affirmed, with costs.

Appeal from order entered August 27, 1987 dismissed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., and Harvey, JJ., concur.