OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by reducing the amount awarded to defendant to the sum of $9,145, together with costs and disbursements in the court below, and, as so modified, affirmed, without costs.
Although the opinion of the court below may have contained incorrect characterizations of the testimony, a review of the record leads us to conclude that plaintiff failed to perform the contract in accordance with the plans and specifications and the Building Code. Plaintiff’s claim that he substantially complied with the applicable code provisions is not, in our opinion, a defense to the counterclaim for damages (Barry v Saratoga Homes, 137 AD2d 897).
Furthermore, the record indicates that defendant wanted the extension constructed in such a manner so that it would have a sunken area, approximately 14 inches in depth, with two steps leading down into the area. This was evidently an essential part of the contract inasmuch as plaintiff was shown diagrams and a magazine photograph of what defendant wanted. The filed plans were in accordance with defendant’s desire. Plaintiff, however, constructed the sunken area to a depth of just slightly over half what the plans called for and with only one step down. We view this as more than a mere trivial deviation from the contract. Under the circumstances, the proper measure of damages is the cost of remedying rather than diminution in value (Kaiser v Fishman, 138 AD2d 456).
However, in determining defendant’s damages, the court failed to take into consideration the $5,855 balance remaining on the contract. The award to defendant must therefore be reduced by that amount.
DiPaola, P. J., Stark and Rubenfeld, JJ., concur.