■ HAMMOND LANE MECHANICALS, INC., Respondent-Appellant, v VILLAGE OF POTSDAM, Appellant-Respondent. (And a Third-Party Action.)—Mahoney, P. J. Cross appeals from an order of the Supreme Court (Duskas, J.), entered April 16, 1990 in St. Lawrence County, which partially granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint.

On July 27, 1981 plaintiff and defendant entered into a contract whereby plaintiff agreed to perform certain work at a project known as the Potsdam Water Treatment Plant. The relevant "general conditions" of the contract provided that any claims or disputes between the parties be referred initially to third-party defendant Rist-Frost Associates, P. C. (hereinafter Engineer), which had contracted with defendant to render engineering services in connection with the construction of the project.

By letter dated September 9, 1983, plaintiff informed Engineer of cost overruns and requested a change order of $143,822.50. Although Engineer reviewed the claims and, by letter dated February 14, 1984, informed defendant that it generally agreed with plaintiff's evaluations, apparently neither Engineer nor defendant responded directly to plaintiff.

Thereafter, plaintiff commenced this action against defendant for damages resulting from delays in completing the project. Defendant answered and counterclaimed for breach of contract. Defendant also commenced a third-party action against, among others, Engineer. Subsequently, plaintiff moved for summary judgment. Defendant cross-moved to dismiss plaintiff's complaint on the ground that plaintiff failed to give it the contractually required 15-day notice of claims, as required by the contract between the parties. Engineer cross-

moved for summary judgment dismissing plaintiff's complaint and defendant's third-party complaint.*

Supreme Court partially granted plaintiff's motion to the extent that if defendant was successful in establishing its counterclaim, plaintiff's recovery would be limited to a maximum of $300 for each day of the breach pursuant to the liquidated damages provision of the agreement. Plaintiff's motion for summary relief in all other respects was denied. Defendant's cross motion for summary judgment was denied. These cross appeals followed.

We affirm. In our view, Supreme Court was correct in determining that whether plaintiff's change order letter to Engineer dated September 9, 1983 concerning cost overruns constituted timely notice depended primarily upon when the damages could reasonably have been ascertained *(see, Vanderlinde Elec. Corp. v City of Rochester,* 54 AD2d 155). Because plaintiff, in its September 9, 1983 letter to Engineer, alleged that the damages were ongoing, summary relief was properly withheld *(see, supra)*.

Next, we disagree with plaintiff's contention that Engineer's February 14, 1984 letter to defendant evaluating plaintiff's delay claim conclusively established the validity of that claim. In interpreting the "general conditions" of the contract between the parties, the words employed therein must be given their plain meaning *(see, Siebel v McGrady,* 170 AD2d 906). It is clear from paragraphs 9.9 and 9.10 of the "general conditions" of the contract between plaintiff and defendant that while Engineer was empowered to investigate and report, defendant did not contract away its right to pass upon claims. Engineer's February 14, 1984 letter further indicates that its report is only a "detailed evaluation and recommendations". Accordingly, resolution of factual questions regarding who was responsible for specific delays precludes a grant of full summary relief to plaintiff *(see, Hudson-Port Ewen Assocs. v Chien Kuo,* 165 AD2d 301, 303, *affd* 78 NY2d 944).

Finally, we reject defendant's contention that it was improperly denied summary judgment because plaintiff failed to give written notice within the contractual required "fifteen days of the occurrence of the event giving rise to the claim". In our view, the record contains sufficient evidence to create questions of fact on this issue, including several letters sent to Engineer informing of possible problems in completing the

---

* During the pendency of this motion, the third-party action by defendant against Engineer was settled.

work schedule and the sworn statement of plaintiff's vice-president that plaintiff "repeatedly" advised defendant's representatives of plaintiff's claim of delay. Accordingly, Supreme Court's order should be affirmed in all respects.

Casey, Yesawich Jr. and Mercure, JJ., concur. Ordered that the order is affirmed, without costs.