■ CHARLES FISCHER et al., Appellants, v 300 E. 85TH STREET HOUSING CORP., Respondent. [606 NYS2d 651] —Order of the Supreme Court, New York County (Leland DeGrasse, J.), entered March 5, 1993, which, *inter alia,* granted defendant's cross-motion to dismiss the complaint solely to the extent of staying the action and directing the parties to proceed to arbitration pursuant to CPLR 7503 (a), and which denied plaintiffs' motion for a preliminary injunction, unanimously affirmed, without costs.

Plaintiffs, shareholders in defendant cooperative apartment corporation, allege that the cooperative board violated the terms of the proprietary lease and the offering plan by abandoning an electricity submetering system in favor of the allocation of electricity charges based on the percentage of the total shares held by each proprietary lessee. Defendant cooperative corporation, however, construes paragraph 14 of article V of the lease, the provision alleged to have been violated, to give the corporation the right to determine the charges to be paid for the consumption of electricity and the discretion to assess charges based on the proportion of shares assigned to or the floor area occupied by the lessee's apartment.

The affidavit of a member of defendant's board of directors states that the submetering system originally in effect proved inaccurate because certain apartments draw their power from circuits serving common areas of the building. As a result, some cooperators' electricity bills, including those of plaintiffs, were understated. It is not disputed that correcting the problem would require extensive renovation, including demolition work on certain interior walls, although the parties dispute the cost of the work. Plaintiffs' reply affidavit asserts that their apartment is assigned two electric meters, but does not address whether the readings obtained from those meters accurately reflect plaintiffs' use of electricity.

Plaintiffs brought this action seeking, by way of order to show cause, a temporary restraining order and preliminary injunction to prevent the cooperative corporation from requiring payment of charges under the alternative method of allocating electricity charges based on the proportion of shares assigned to their unit. Plaintiffs utterly failed to establish in what way they would sustain other than monetary damages, and Supreme Court properly denied the application for preliminary relief.

The issue raised on this appeal is whether Supreme Court erred in directing arbitration of this dispute. The lease provides that if a lessee "has a complaint about his or her electricity bill", it must first be presented to the board of directors and, if not resolved within 30 days, pursued in arbitration. Plaintiffs correctly note that this provision is a limited arbitration clause; however, they fail to establish that their complaint is not "about" their electricity bill so as to place it beyond the scope of the provision. Embellishing their complaint with allegations that the method by which defendant calculated the bill is inappropriate or even contrary to the terms of the by-laws and proprietary lease does not render the dispute any more than a disagreement about plaintiffs' electricity bill. The addition of matters beyond the subject of an arbitration provision will not defeat its operation if the dispute bears "a 'reasonable relationship' " to the arbitration agreement *(Szabados v Pepsi-Cola Bottling Co.,* 174 AD2d 342, 343, quoting *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 96). This dispute is within the contemplation of the arbitration provision, and all matters regarding the computation of electricity usage, including the propriety of the adoption of fees based on the allocation of shares, are for the arbitrator to decide. To interpret the arbitration clause as narrowly as plaintiffs urge would render it ineffective and subvert the policy of this State "to favor and encourage arbitration as a means of expediting the resolution of disputes and conserving judicial resources" *(Rio Algom v Sammi Steel Co.,* 168 AD2d 250, 251, *lv denied* 78 NY2d 853). Concur—Rosenberger, J. P., Ellerin, Kupferman and Rubin, JJ.