■ Tempforce, Inc., Doing Business as Tempforce of Albany, et al., Plaintiffs, v Municipal Housing Authority of the City of Schenectady et al., Defendants, and McNar Industries, Inc., Defendant and Third-Party Plaintiff-Appellant. Feibes & Schmitt Architects et al., Third-Party Defendants-Respondents. [634 NYS2d 827] —Spain, J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 21, 1994 in Schenectady County, which granted third-party defendants' motions for summary judgment dismissing the third-party complaint and all cross claims against them.

In 1988 defendant Schenectady Municipal Housing Authority (hereinafter SMHA) decided to replace the roofing system at Yates Village (hereinafter the project), a housing project in the City of Schenectady, Schenectady County. SMHA hired third-party defendant Feibes & Schmitt Architects (hereinafter

F&S) to provide architectural services, defendant McNar Industries, Inc. as general contractor and third-party defendant David Sadowsky, an architect, to oversee the project on its behalf. In 1990 following completion of construction, plaintiff Tempforce, Inc. and plaintiff Bellevue Builders Supply, Inc. commenced an action against SMHA, McNar and others; the cause of action against McNar sounded in breach of contract based upon McNar's alleged failure to pay for labor and materials supplied at the project. In response SMHA asserted a cross claim against McNar seeking delay damages and McNar cross-claimed against SMHA. McNar then commenced a third-party action against F&S and Sadowsky seeking damages, contribution and indemnification; in that action McNar asserted that any wrongdoing claimed against it was directly attributed to the negligence, breach of contract and breach of warranty of F&S and Sadowsky. F&S and Sadowsky each moved for summary judgment seeking dismissal of McNar's third-party complaint and all cross claims against them. Supreme Court, concluding that McNar's third-party action sought damages for breach of contract involving economic loss in the context of a claim for contribution, granted the motions. McNar appeals.

We affirm. McNar contends that its third-party complaint is based upon the "professional performance" of F&S and Sadowsky as project architects during the preparations for and completion of the project; McNar claims that F&S failed to properly address design defects and unreasonably withheld approval of several necessary material changes and caused delays, and that Sadowsky unreasonably withheld approval of specified products and failed to correct design defects causing McNar to expend substantial time, additional funds and suffer delays. McNar contends that its third-party complaint is based on each architect's "individual, tortious, professional participation on this project and is not a simple contribution/indemnification claim", and that the claimed items of loss are other than pure economic loss in the context of contribution.

It is well settled that a defendant may not seek contribution from other defendants where the alleged "tort" is essentially a breach of contract claim (*see, Sommer v Federal Signal Corp.,* 79 NY2d 540, 557; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 71 NY2d 599; *Board of Educ. v Sargent, Web-*

*ster, Crenshaw & Folley*, 71 NY2d 21, 26-29). Because the rules of contribution, as governed by CPLR article 14,* are a codification of the Court of Appeals' decision in *Dole v Dow Chem. Co.* (30 NY2d 143), which extended contribution in the context of a tort claim (*see, Sommer v Federal Signal Corp., supra*, at 556), the Court of Appeals has stated: "To permit apportionment of liability, pursuant to CPLR 1401, arising solely from breach of contract would not only be at odds with the statute's legislative history, but also do violence to settled principles of contract law which limit a contracting party's liability to those damages that are reasonably foreseeable at the time the contract is formed" (*Board of Educ. v Sargent, Webster, Crenshaw & Folley, supra*, at 28). Clearly any attempt by McNar to seek contribution from F&S and Sadowsky is prohibited.

Further, we conclude that McNar's reliance on *Robinson Redevelopment Co. v Anderson* (155 AD2d 755) is misplaced. As observed by Supreme Court, "McNar's artfully drawn pleading can not change the nature of this action from a contract to a tort to enable Third-Party Plaintiff to seek apportionment of liability." In *Robinson*, the plaintiff, in its primary action, alleged two separate and distinct causes of action, one based upon a breach of contract claim and the other based upon a professional malpractice claim. Under those circumstances we concluded that the cause of action in the third-party complaint seeking contribution could properly be couched upon the malpractice claim in the original complaint, not on the breach of contract claim.

In this case plaintiffs' allegation against McNar and McNar's cross claim against SMHA sound solely in contract. In our view the nature of the primary action is significant. We therefore conclude that Supreme Court properly relied upon the rationale set forth in *Board of Educ. v Sargent, Webster, Crenshaw & Folley (supra)*. McNar's third-party complaint, couched upon a pure breach of contract complaint which alleges economic loss only, fundamentally seeks contribution and, therefore, fails to state a cause of action.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

* CPLR 1401 states, in relevant part: "two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought."