■ In the Matter of the Arbitration between CAPITOL SPOUTS, INC., Respondent, and CAPITOL VIAL, INC., Appellant. [640 NYS2d 688] —Mikoll, J. P. Appeal from an order of the Supreme Court (Harris, J.), entered July 21, 1995 in Albany County, which, *inter alia*, granted petitioner's application pursuant to CPLR 7511 to modify an arbitration award.

Petitioner manufactures and sells plastic pouring spouts. Respondent manufactures and sells plastic vials. In 1991 Robert S. Abrams, president and chief executive officer of respondent, established petitioner as an independent subsidiary of respondent. Pursuant to a written manufacturing and services agreement (hereinafter the MSA), respondent contracted with petitioner to manufacture spouts for petitioner. Abrams was then the president and chief executive officer of both companies, but, in July 1993 he was removed from his executive position at petitioner by respondent's executive committee.

In October 1993 the parties, in an effort to resolve disputes over certain expenses and obligations that developed between them, entered into a written agreement to arbitrate their unresolved disputes. On March 17, 1994 the parties executed a written agreement to arbitrate certain specified "disputed issues" identified by each party in an exhibit to the arbitration agreement. Petitioner listed 21 issues as "specific issues" and respondent listed two issues as "overriding issues" and several issues as "particular issues". The arbitration agreement did not specifically mention a claim against petitioner for a share in the costs of a plant in Alabama (hereinafter the Alabama facility claim).

Respondent first raised the Alabama facility claim in its prehearing brief submitted to the arbitrator. Petitioner moved to exclude the Alabama facility claim on the ground that it fell outside the scope of the arbitration agreement. The arbitrator denied the motion based on language in the arbitration agreement authorizing him to "decide any other dispute among the parties" and on his construction of the two "overriding issues" as encompassing the Alabama facility claim. Thereafter, the arbitrator, *inter alia*, awarded respondent $212,000 in damages on its Alabama facility claim.

In March 1995 petitioner moved, pursuant to CPLR 7511 (c) (2), to modify the award to exclude the $212,000 offset. Respondent cross-moved, pursuant to CPLR 7510, to confirm the arbitration award as entered. Supreme Court granted petition-

er's motion on the ground that the Alabama facility claim was not arbitrable and entered judgment reversing the award insofar as it credited respondent $212,000 on the Alabama facility claim. Respondent appeals.

Respondent's argument that the arbitration agreement's provision that the arbitrator "shall decide any other dispute among the parties that may arise in the course of those proceedings" empowers the arbitrator to determine the Alabama facility claim is not persuasive since this clause, followed by specific provisions, is not an open-ended and unlimited grant of authority (*see, Bowmer v Bowmer*, 50 NY2d 288, 294). We are nonetheless convinced that other plain language of the arbitration agreement is expressive of a clear intent to arbitrate the Alabama facility claim (*see, Egol v Egol*, 118 AD2d 76, 81, *affd* 68 NY2d 893). Respondent's use of the term "overriding issues" is significant. The initial overriding issue was "[w]hether [petitioner] may legally disavow business commitments * * * Abrams made in his capacity as [petitioner's] president and chief executive officer through at least July 1993". The second overriding issue concerned whether the "expenses incurred by [respondent] in the manufacture of spouts for [petitioner] and providing related services * * * are properly reimbursable by [petitioner] to [respondent] under [the MSA] * * * or otherwise in accordance with plastic injection molding industry practice". This clearly covers the Alabama facility claim (*see, Gangel v DeGroot*, 41 NY2d 840, 841; *Matter of Trump [Refco Props.]*, 194 AD2d 70, 74, *lv denied* 83 NY2d 754; *cf., Matter of Stigwood Org. [Atlantic Rec. Corp.]*, 83 AD2d 123, 126). The Alabama facility claim relates to reimbursement from petitioner "for a proportionate share of acquiring" a spout and vial manufacturing plant "acquired largely for [petitioner's] use". Ascribing to the term "expenses incurred" its plain and ordinary meaning leads to the interpretation urged by respondent (*see, Hammond Lane Mechs. v Village of Potsdam*, 176 AD2d 1038, 1039). Moreover, designating this provision as an "overriding issue" indicates that respondent intended that the provision be interpreted broadly (*cf., Matter of Kansas City Fire & Mar. Ins. Co. [Barnes]*, 115 AD2d 311) and is in keeping with the public policy of this State " 'to favor and encourage arbitration as a means of expediting the resolution of disputes and conserving judicial resources' " (*Fischer v 300 E. 85th St. Hous. Corp.*, 200 AD2d 495, 496, quoting *Rio Algom v Sammi Steel Co.*, 168 AD2d 250, 251, *lv denied* 78 NY2d 853).

Crew III, Casey, Yesawich Jr. and Peters, JJ., concur.

Ordered that the order is reversed, on the law, with costs, petitioner's motion to modify the arbitration award denied and respondent's cross motion to confirm the arbitration award granted.