■ GARY W. FEINMAN et al., Appellants, v WILLIAM S. PARKER, Respondent. [675 NYS2d 711] —White, J. Appeal from an order of the Supreme Court (Caruso, J.), entered June 4, 1997 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Defendant, acting in his capacity as vice-president of Parker Design Associates, Inc. (hereinafter PDA), entered into a contract with plaintiffs wherein PDA agreed to construct a three-bedroom home for them in the Town of Duanesburg, Schenectady County. Apparently dissatisfied with PDA's performance of the contract, plaintiffs commenced this action against defendant alleging that he "negligently constructed and negligently supervised the negligent construction of plaintiffs' home". After issue was joined, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, prompting this appeal by plaintiffs.

We affirm. Plaintiffs' complaint draws its support from a factually similar case in which we denied summary judgment seeking the dismissal of a cause of action alleging that a corporate officer of a construction firm was individually liable for negligence and breach of contract (see, Barry v Saratoga Homes, 137 AD2d 897, 899). Barry v Saratoga Homes (supra) can no longer be considered authoritative precedent on the issues herein since it is now well established that mere breach of a contract does not give rise to a tort cause of action unless a legal duty independent of the contract has been violated (see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., 70 NY2d 382, 389; Fourth Branch Assocs. Mechanicville v Niagara Mohawk Power Corp., 235 AD2d 962, 963). Although plaintiffs have couched their complaint in terms of negligence, in reality it is a breach

of contract action as they are only seeking recovery for their economic loss and have not alleged that defendant breached a duty independent of the contract (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., supra,* at 390; *Wecker v Quaderer,* 237 AD2d 512). Thus, they do not have a viable negligence claim against defendant. Further, plaintiffs cannot maintain a breach of contract action against defendant as they have not shown that he assumed personal liability for PDA's alleged breach of the contract (*see, Key Bank v Grossi,* 227 AD2d 841, 843; *Merritt v Hooshang Constr.,* 216 AD2d 542). For these reasons, summary judgment was properly awarded to defendant.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.