■ DEBRA L. ROTHBERG, Plaintiff, v SAMUEL D. REICHELT, Defendant and Third-Party Plaintiff-Respondent, and L. BOGDANOW AND ASSOCIATES ARCHITECTS et al., Respondents, et al., Defendant. JOHN POLLOCK, Third-Party Defendant-Appellant.

[705 NYS2d 115] —Crew III, J. Appeal from an order of the Supreme Court (Connor, J.), entered August 5, 1999 in Columbia County, which, *inter alia*, denied third-party defendant's motion for partial summary judgment dismissing the third-party claim for negligence and all claims for contribution and/or indemnification.

In April 1993, plaintiff entered into a contract with defendants L. Bogdanow and Associates Architects, Lawrence Bogdanow, Warren Ashworth, Keary Horiuchi and Kate Webb (hereinafter collectively referred to as the architects) for the design of a residence located in the Town of Hillsdale, Columbia County. Thereafter, in October 1993, plaintiff entered into a contract with defendant Samuel D. Reichelt, a general contractor, for the construction of the residence. Pursuant to the terms of that contract, construction of the residence was to be completed in or about April 1994. Difficulties apparently ensued and, in March 1995, plaintiff hired third-party defendant, John Pollock, to finish construction of her home.

As work on plaintiff's residence progressed, certain structural and other deficiencies became apparent, prompting plaintiff to commence this action against Reichelt, the architects, the mason, defendant Peter Huber (hereinafter collectively referred to as defendants), and the excavator, defendant Edward D. Bard & Sons,[1] seeking to recover damages allegedly incurred as the result of defendants' negligence, breach of contract, fraud and/or professional malpractice. Reichelt answered and commenced a third-party action against Pollock who, in turn, answered, asserted various affirmative defenses and set forth counterclaims and cross claims for contribution and/or indemnification. Huber and the architects responded by asserting counterclaims for contribution and/or indemnification against Pollock.

Following discovery, Pollock moved for partial summary judgment dismissing the third-party claim for negligence and all cross claims and counterclaims asserted against him, and Huber cross-moved to dismiss all claims against him for contribution or indemnification. Supreme Court denied the respective motions finding, insofar as is relevant to this appeal,[2] that defendants could seek contribution from Pollock under CPLR 1401. This appeal by Pollock ensued.

As a starting point, we agree with Pollock that Supreme Court erred in failing to grant his motion for partial summary

---

1. The action against Edward D. Bard & Sons apparently was dismissed.
2. Huber has not appealed.

judgment dismissing Reichelt's third-party negligence cause of action. It is axiomatic that "[a] defendant may be held liable for negligence only when it breaches a duty owed to the plaintiff" (*Strauss v Belle Realty Co.*, 65 NY2d 399, 402; *see, Kiselis v Speculator Chamber of Commerce*, 234 AD2d 677, 678). As the record reflects that there was no relationship, contractual or otherwise, between Reichelt and Pollock giving rise to such a duty, Reichelt's negligence cause of action cannot stand. To the extent that the third-party complaint may be read as asserting a claim for contribution, we find, for the reasons that follow, that such claim also must be dismissed.

CPLR 1401 provides, in relevant part, that "two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought." The Court of Appeals has made clear, however, "[t]hat purely economic loss resulting from a breach of contract does not constitute 'injury to property' within the meaning of * * * CPLR 1401" (*Board of Educ. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 26). Stated another way, "a defendant may not seek contribution from other defendants where the alleged 'tort' is essentially a breach of contract claim" (*Tempforce, Inc. v Municipal Hous. Auth.*, 222 AD2d 778, 779, *lv denied* 87 NY2d 811).

In this regard, although plaintiff's complaint indeed sets forth causes of action for negligent performance and professional malpractice, two points are worth noting. First, "the determining factor as to the availability of contribution is not the theory behind the underlying claim but the measure of damages sought" (*Rockefeller Univ. v Tishman Constr. Corp.*, 240 AD2d 341, 343, *lv denied* 91 NY2d 803). To that end, a review of plaintiff's complaint reveals that she is seeking to recover for a purely economic loss—namely, the cost of repairs and the difference in value between what defendants were contractually obligated to provide and what plaintiff actually received (*see, Bellevue S. Assocs. v HRH Constr. Corp.*, 78 NY2d 282, 294-295). In short, plaintiff is seeking the benefit of her contractual bargain and, as such, no claim for contribution lies (*see, Wecker v Quaderer*, 237 AD2d 512, 513; *Tempforce, Inc. v Municipal Hous. Auth., supra*).

Moreover, "[i]t is well settled that a claim arising out of an alleged breach of contract may not be converted into a tort action 'absent the violation of a legal duty independent of that created by the contract' " (*Roklina v Skidmore Coll.*, 268 AD2d

765, 766-767, quoting *Scott v KeyCorp.*, 247 AD2d 722, 725; *see, Board of Educ. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 29, *supra; Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389; *Feinman v Parker*, 252 AD2d 869). "This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., supra*, at 389; *see, Fourth Branch Assocs. Mechanicville v Niagara Mohawk Power Corp.*, 235 AD2d 962, 963).

To the extent that the architects contend that Pollock assumed the role of a "design professional" with respect to the construction of plaintiff's residence and, therefore, breached a duty independent of those created by his underlying contract with plaintiff, we cannot agree. Pollock tendered sufficient admissible proof to demonstrate that plaintiff's residence was substantially complete by the time he took over work on the project and, further, that the structural modifications that he did make to the residence were undertaken at the request of the structural engineer retained by plaintiff (*see, Facilities Dev. Corp. v Miletta*, 180 AD2d 97, 103); the architects' conclusory assertions to the contrary are insufficient to defeat Pollock's motion for partial summary judgment. Defendants' remaining contentions, including Reichelt's claim that he is entitled to indemnification from Pollock, have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied third-party defendant's motion for partial summary judgment dismissing the third-party claim for negligence and all cross claims and counterclaims for contribution and/or indemnification; motion granted, summary judgment awarded to third-party defendant and said claims dismissed; and, as so modified, affirmed.