■ BOARD OF MANAGERS OF THE 195 HUDSON STREET CONDOMINIUM, Plaintiff, v 195 HUDSON STREET ASSOCIATES, LLC, et al., Defendants, PERFIDO WEISKOPF ARCHITECTS, Respondent, and NEVERSINK CONSTRUCTION CORP. et al., Appellants. [831 NYS2d 132]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered August 9, 2006, which, to the extent appealed from as limited by the briefs, denied the Neversink defendants' cross motion for summary judgment dismissing all cross claims against them for contribution, unanimously reversed, on the law, without costs, and the cross motion granted.

Because "the damages sought by plaintiff on all of its causes of action are merely for economic loss," contribution is unavailable (*Trump Vil. Section 3 v New York State Hous. Fin. Agency*, 307 AD2d 891, 897 [2003], *lv denied* 1 NY3d 504 [2003]). Despite plaintiff's cause of action against Neversink for "injuries in the form of property damage," it is clear that plaintiff is "seeking the benefit of its contractual bargain, namely, the cost of completing the defective repairs to the building's terraces" and windows (*id.*). Thus, the other defendants may not seek contribution from the Neversink defendants where the alleged "tort" is essentially a breach of contract claim (*Tempforce, Inc. v Municipal Hous. Auth. of City of Schenectady*, 222 AD2d 778, 779 [1995], *lv denied* 87 NY2d 811 [1996]). Contrary to codefendant Perfido Weiskopf Architects' contention, given the dismissal of the complaint against the Neversink defendants on the ground that they owed no duty to plaintiff under either a

negligence or breach of warranty theory, it cannot be said that both Neversink and the other defendants owed a duty to plaintiff, all contributing to plaintiff's harm by breaching their respective duties (*see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 28-29 [1987]). Concur—Friedman, J.P., Nardelli, Buckley, Catterson and McGuire, JJ.