■ WESTBANK CONTRACTING, INC., Plaintiff, v RONDOUT VALLEY CENTRAL SCHOOL DISTRICT, Defendant, and SEAR-BROWN GROUP et al., Defendants and Third-Party Plaintiffs-Appellants. JAMES B. SLAVETSKAS, P.E., et al., Third-Party Defendants-Respondents. [847 NYS2d 780]—

Lahtinen, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered January 23, 2007 in Ulster County, which granted third-party defendants' motions to dismiss the third-party complaint.

This litigation arises out of an extensive renovation project on various facilities in defendant Rondout Valley Central School District conducted in phases over several years. Plaintiff, a contractor on the project, commenced an action against Rondout and Sear-Brown Group (the project's architectural firm). Rondout and Sear-Brown asserted cross claims, which continued after the underlying action settled for about $190,000. Rondout's allegations in an ensuing amended pleading against Sear-Brown and Stantec Consulting Services, Inc., the successor in interest to Sear-Brown (hereinafter jointly referred to as Sear-Brown), included negligence and breach of contract. Sear-Brown started a third-party action seeking indemnification and contribution against James B. Slavetskas, P.E., Coneco, Boston Energy Technology Group (a dissolved corporation improperly named by Sear-Brown as Boston Edison Technology Group), Boston Edison, Abacus Engineered Systems, Inc., and Christa Construction. The third-party defendants moved to dismiss for failure to state a cause of action (*see* CPLR 3211 [a] [7]). In a detailed written decision, Supreme Court granted the motions and dismissed the third-party action. Sear-Brown appeals.

In the current procedural context, the pleadings are liberally construed, allegations in the third-party complaint accepted as true, and the third-party plaintiff provided the benefit of every possible inference (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Team Mktg. USA Corp. v Power Pact, LLC*, 41 AD3d 939, 940 [2007]). Although Sear-Brown's third-party complaint was devoid of factual allegations, Supreme Court correctly noted that this omission was not necessarily fatal since " 'a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint' " (*Team Mktg.*

*USA Corp. v Power Pact, LLC,* 41 AD3d at 940, quoting *Leon v Martinez,* 84 NY2d 83, 88 [1994]). Counsel for Sear-Brown submitted an affirmation setting forth not only his client's legal arguments but also referencing documents and other proof he asserted precluded summary dismissal of the third-party action. Unlike the typical situation in a motion to dismiss under CPLR 3211 (a) (7), where generally no disclosure has occurred, here, the main action had already generated examinations before trial of several individuals, including James Slavetskas, and transcripts from such disclosure were among the documents included in the voluminous record.

We turn to whether Sear-Brown set forth sufficient allegations to establish a viable claim for indemnification. The right to indemnification "arises out of a contract which may be express or may be implied in law to prevent a result which is regarded as unjust or unsatisfactory" (*Rosado v Proctor & Schwartz,* 66 NY2d 21, 24 [1985] [internal quotation marks and citations omitted]; *see McDermott v City of New York,* 50 NY2d 211, 216 [1980]). As amply explained by Supreme Court, Sear-Brown's effort to extrapolate an express indemnification agreement from the various agreements between these sophisticated parties is not supported by the specific and detailed language set forth in those agreements.

Implied indemnification is based in simple fairness and seeks to avoid unjust enrichment by "recogniz[ing] that [a] person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity" (*McDermott v City of New York,* 50 NY2d at 217 [internal quotation marks and citation omitted]; *see State of New York v Stewart's Ice Cream Co.,* 64 NY2d 83, 88 [1984]; *HANYS Servs. v Empire Blue Cross & Blue Shield,* 292 AD2d 61, 66 n [2002], *lv denied* 98 NY2d 612 [2002]). Stated another way, "[o]ne is entitled to implied indemnification where he or she has committed no wrong but is held vicariously liable for the wrongdoing of another" (*Kozerski v Deer Run Homeowners Assn.,* 217 AD2d 841, 843 [1995]; *see Finch, Pruyn & Co. v Wilson Control Servs.,* 239 AD2d 814, 818 [1997]). Here, Rondout's allegations against Sear-Brown involve acts or omissions by Sear-Brown. Those allegations include, among others, that the architectural services were substandard and that Sear-Brown overbilled for services provided. Implied indemnification between Sear-Brown and third-party defendants is not a viable theory on these facts (*see Jackson v Dow Chem. Co.,* 295 AD2d 855, 856 [2002]; *Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw*

& *Folley*, 146 AD2d 190, 199-200 [1989], *lv denied* 75 NY2d 702 [1989]).

Next, we consider Sear-Brown's claims for contribution from third-party defendants. "It is well settled that a defendant may not seek contribution from other defendants where the alleged 'tort' is essentially a breach of contract" (*Tempforce, Inc. v Municipal Hous. Auth. of City of Schenectady*, 222 AD2d 778, 779 [1995], *lv denied* 87 NY2d 811 [1996] [citations omitted]; *see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 26-28 [1987]). " '[T]he determining factor as to the availability of contribution is not the theory behind the underlying claim but the measure of damages sought' " (*Rothberg v Reichelt*, 270 AD2d 760, 762 [2000], quoting *Rockefeller Univ. v Tishman Constr. Corp. of N.Y.*, 240 AD2d 341, 343 [1997], *lv denied* 91 NY2d 803 [1997]). While Rondout employs language asserting negligence in some of its causes of action against Sear-Brown, the damages it seeks (i.e., costs for repairs, completing work and delays in opening schools) are for economic loss and, accordingly, Supreme Court properly concluded that contribution was inapplicable (*see Rothberg v Reichelt*, 270 AD2d at 762-763; *Wecker v Quaderer*, 237 AD2d 512, 513 [1997]; *see also Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 390 [1987]).

The remaining arguments have been considered and found unavailing.

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.