■■ T. LEMME MECHANICAL, INC., Plaintiff, v SCHALMONT CENTRAL SCHOOL DISTRICT, Defendant and Third-Party Plaintiff-Appellant. BAST HATFIELD, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. (And Three Other Related Actions.) [860 NYS2d 241]—

Kavanagh, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered March 9, 2007 in Schenectady County, which, among other things, granted the motion of third-party defendants Bast Hatfield, Inc. and Western Surety Company to dismiss the third-party complaint against them.

Plaintiff contracted with defendant, Schalmont Central School District (hereinafter the district), to serve as the heating, ventilation and air conditioning contractor on a capital construction project involving certain schools within the district. The district also contracted with third-party defendant Bast Hatfield, Inc. to serve as the general contractor for the project, and with Kasselman Electric Company, Inc. to perform the electrical work. In February 2005, plaintiff served a notice of claim upon the district pursuant to Education Law § 3813 that it was seeking to recover damages for increased labor costs it claimed to have incurred as a result of the district's failure to properly coordinate the activities of the various subcontractors involved in the project. In April 2005, a hearing was held pursuant to Education Law § 1724 on plaintiff's claim. Shortly thereafter, plaintiff commenced this action against the district and, in February 2006, served a bill of particulars which claimed that Bast Hatfield was, in part, responsible for the delays that resulted in plaintiff's increased labor expenditures. Based on these allegations, the district, in March 2006, served a notice on Bast Hatfield claiming that it was entitled to indemnification for any damages sought by plaintiff and, thereafter, commenced a third-party action against, among others, Bast Hatfield and its surety, third-party defendant Western Surety Company (hereinafter collectively referred to as Bast Hatfield). Bast Hatfield moved pursuant to CPLR 3211 (a) (5) and (7) to dismiss the district's third-party complaint on the grounds that the district failed to comply with a provision in their contract that required the district to provide Bast Hatfield with timely notice of such a claim. Supreme Court, among other things, granted the motion and dismissed the third-party complaint against Bast Hatfield. The district now appeals.

The contract between Bast Hatfield and the district required that prior to either party initiating legal action against the other, written notice must be given by the party making the claim within 21 days of the actual occurrence, or of the time when the party should have recognized that such a condition giving rise to the claim in fact existed. Here, the district's claim against Bast Hatfield is that Bast Hatfield, as general contractor, failed to properly supervise and coordinate the activities of the subcontractors on the project. The district maintains that only when it received plaintiff's bill of particulars in February 2006 did it, for the first time, realize that plaintiff's claims against the district were partially based on Bast Hatfield's failure to properly execute its responsibilities as general contractor on the project. Shortly after it received plaintiff's bill of particulars, the district provided Bast Hatfield with written no-

tice of this claim and did so, it contends, within the time provided in the parties' contract. In its decision on the motion to dismiss, Supreme Court identified the issues and made the factual finding that the district should have recognized that plaintiff's claim for damages implicated the district when plaintiff first commenced its action against the district in April 2005, almost one year prior to the district providing Bast Hatfield with written notice of this claim. Bast Hatfield also claims that the district should have recognized that such a claim existed as a result of disclosures made during the Education Law § 1724 hearing held in April 2005.

On a motion to dismiss made pursuant to CPLR 3211, a court should construe the pleadings liberally, accept the allegations as true and afford the party opposing the motion the benefit of every possible inference to determine whether the facts alleged fit within a cognizable legal theory (*see Westbank Contr., Inc. v Rondout Val. Cent. School Dist.*, 46 AD3d 1187, 1188 [2007]; *Bailey v Chernoff*, 45 AD3d 1113, 1116 [2007]; *Baron v Pfizer, Inc.*, 42 AD3d 627, 628 [2007]). Here, the district's third-party complaint alleged that Bast Hatfield breached the parties' contract and that such breach delayed the work of other contractors and subcontractors such as plaintiff, causing them damages, and resulted in legal action being commenced against the district. These facts, if true, give rise to the district's cause of action for common-law indemnification against Bast Hatfield (*see Westbank Contr., Inc. v Rondout Val. Cent. School Dist.*, 46 AD3d at 1189). The motion before Supreme Court was a motion to dismiss, not one for summary judgment. On a CPLR 3211 motion, a court should not resolve the merits of a claim by making factual determinations (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]; *Matter of Niagara Mohawk Power Corp. v State of New York*, 300 AD2d 949, 952 [2002]). Here, Supreme Court went beyond the appropriate review of a motion to dismiss and erred by deciding on the facts presented to it that the district, as a matter of law, failed to comply with the notice provision of the parties' contract (*see Kingsley Arms, Inc. v Sano Rubin Constr. Co., Inc.*, 16 AD3d 813, 814-815 [2005]; *Hammond Lane Mechs. v Village of Potsdam*, 176 AD2d 1038, 1039 [1991]).

Moreover, plaintiff's complaint against the district did not specify that Bast Hatfield was the cause of any delay incurred in the project. Rather, the complaint specifically alleged that plaintiff was damaged as a result of the *"[d]istrict's* negligence and failure to properly, effectively, and fully coordinate the work of the separate prime contractors in breach of its contractual

duty to do so" (emphasis added). Nor did the testimony given at the Education Law § 1724 hearing conclusively establish that the district was put on such notice. While Bast Hatfield's failure to provide a proper work schedule for the subcontractors on the project was raised during that proceeding, the focus of the hearing was on the inadvertent release of asbestos during construction and its impact on the ongoing progress of the construction project. Under the circumstances, we cannot find, as a matter of law, that the testimony elicited at this hearing put the district on notice that it had a claim for common-law indemnification against Bast Hatfield. Because of the existence of these factual issues, Supreme Court should not have made factual determinations on the motion that was before it, and the motion to dismiss should have been denied as to the district's claim for common-law indemnification.*

Cardona, P.J., Mercure, Rose and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of third-party defendants Bast Hatfield, Inc. and Western Surety Company to dismiss the third-party complaint to the extent that it sought common-law indemnification; motion denied to that extent; and, as so modified, affirmed.

---

* The district's claim for contractual indemnification was properly dismissed because the contract provided for Bast Hatfield to indemnify and hold harmless the district "from and against claims, damages, losses and expenses . . . arising out of or resulting from performance of the Work, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property."