| **Board of Mgrs. of the 443 Greenwich St. Condominium v SGN 443 Greenwich St. Owner LLC** |
|:---:|
| 2026 NY Slip Op 30950(U) |
| March 11, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 656934/2021 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

--------------------------------------------------------------------------------X

BOARD OF MANAGERS OF THE 443 GREENWICH
STREET CONDOMINIUM,

                         Plaintiff,

                  - v -

SGN 443 GREENWICH STREET OWNER LLC,SGN 443
GREENWICH STREET FEE OWNER LLC,SGN 443
GREENWICH STREET ASSOCIATES LLC,JS
GREENWICH LLC,NB 443 GREENWICH STREET
LLC,NATHAN BERMAN, JACK BERMAN, MARC L.
FRIED, CETRA/CRI ARCHITECTURE
PLLC,CETRARUDDY ARCHITECTURE D.P.C.,JOHN A.
CETRA, GREENWICH 2D LLC,GREENWICH 4H
LLC,GREENWICH 4E LLC,GREENWICH 2F
LLC,GREENWICH PHD LLC,AVERY TRUST, 443 UNIT
OWNER LLC,443G-3F UNIT OWNER LLC,

                      Defendants.

--------------------------------------------------------------------------------X

SGN 443 GREENWICH STREET OWNER LLC, SGN 443
GREENWICH STREET FEE OWNER LLC, SGN 443
GREENWICH STREET ASSOCIATES LLC, JS GREENWICH
LLC, NB 443 GREENWICH STREET LLC, NATHAN BERMAN,
JACK BERMAN, MARC FRIED

                    Plaintiffs,

               -against-

UNIQUE ROOFING OF NEW YORK, INC., HORSEPOWER
ELECTRIC AND MAINTENANCE CORP., PRESERV
BUILDING RESTORATION MANAGEMENT
INCORPORATED, CADCO SALES CORP. D/B/A CHRISTIE
OVERHEAD DOORS, LLC & DIAMOND DOOR, COSENTINI
ASSOCIATES 2 LLC D/B/A TETRA TECH ENGINEERS,
ARCHITECTS & LANDSCAPE ARCHITECTS, P.C., CTS
GROUP ARCHITECTURE, PLANNING, P.A., DEMAR
PLUMBING CORP., WATERMARK DESIGNS, LLC, DIRECT
FLOORING, INC., DER SPECIALTY PRODUCTS, LLC D/B/A
VIRTUWOOD FLOORING, HERITAGE MECHANICAL
SERVICES, INC., KSW MECHANICAL SERVICES, INC., LIF
INDUSTRIES INC. D/B/A LONG ISLAND FIREPROOF DOOR,
INC., FM NY, INC., ROCKAWAY CONTRACTING CORP., SD
STAIRS & RAILING CORP., SPRAY-RITE LLC D/B/A A-RITE
FIRE PROTECTION SERVICES LLC, URBAN-SUBURBAN

| INDEX NO. | 656934/2021 |
| --- | --- |
| MOTION DATE | 11/14/2025 |
| MOTION SEQ. NO. | 024 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595834/2023

656934/2021 BOARD OF MANAGERS OF THE 443 GREENWICH STREET CONDOMINIUM vs.
SGN 443 GREENWICH STREET OWNER LLC ET AL
Motion No. 024

Page 1 of 7

[* 1]

RECREATION, INC. D/B/A U.S. RECREATION, INC.

                                                          Defendant.
--------------------------------------------------------------------------------X

PRESERV BUILDING RESTORATION MANAGEMENT                    Second Third-Party
INCORPORATED                                               Index No. 596006/2023

                                                          Plaintiffs,

                                        -against-

EMPIRE RESTORATION GROUP INC.

                                                          Defendant.
--------------------------------------------------------------------------------X

ROCKAWAY CONTRACTING CORP.                                 Third Third-Party
                                                           Index No. 595580/2025
                                                          Plaintiff,

                                        -against-

BYRAM ASSOCIATES, INC., JPB FABRICATIONS, INC.

                                                          Defendants.
--------------------------------------------------------------------------------X

SGN 443 GREENWICH STREET OWNER LLC, SGN 443                Fourth Third-Party
GREENWICH STREET FEE OWNER LLC, SGN 443                    Index No. 595580/2025
GREENWICH STREET ASSOCIATES LLC, JS GREENWICH
LLC, NB 443 GREENWICH STREET LLC, NATHAN BERMAN,
JACK BERMAN, MARC FRIED

                                                          Plaintiffs,

                                        -against-

STEVEN DUBNER LANDSCAPING, INC., RG GLASS
CREATIONS, MARVEL CONTRACTING SERVICES, INC.,
BARONE STEEL FABRICATORS INC., CZAR INC.

                                                          Defendants.
--------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 024) 1167, 1168, 1169, 1170, 1171, 1172, 1173, 1174, 1175, 1176, 1177, 1178, 1179, 1180, 1181, 1182, 1183, 1184, 1185, 1186, 1187, 1188, 1189, 1190, 1191, 1192, 1193, 1194, 1195, 1196, 1197, 1198, 1199, 1200, 1201, 1202, 1203, 1204, 1205, 1206, 1207, 1208, 1209, 1210, 1211, 1212, 1213, 1214, 1215, 1216, 1217, 1218, 1219, 1220

were read on this motion to                               DISMISS
                                    _____.

[* 2]

Third-party defendant, LIF Industries, Inc., d/b/a Long Island Fireproof Door, Inc. ("LIF") moves for an Order pursuant to CPLR 3212 dismissing all cross-claims asserted by Third-Party Defendants against LIF. No parties have opposed LIF's motion. For the following reasons, LIF's motion is granted.

## DISCUSSION

Under CPLR 3212, summary judgment is appropriate when a party establishes with evidence "that there is no material issue of fact to be tried, and that judgment may be directed as a matter of law" (*Brill v City of New York*, 2 NY3d 648, 651 [2004]). "Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*id.*).

LIF was a subcontractor on the renovation of 443 Greenwich Street, responsible for furnishing wood and metal doors, door frames, and associated hardware. By Decision and Order of the Court dated September 4, 2025, LIF was granted summary judgment against the Defendants/Third-Party Plaintiffs collectively referred to as the Sponsor Defendants, and the Third-Party Complaint was dismissed with prejudice (NYSCEF 1219). LIF now moves for dismissal of cross-claims for common-law indemnification, common-law contribution, contractual indemnification, and breach of contract asserted by Third-Party Defendants against LIF.

656934/2021   BOARD OF MANAGERS OF THE 443 GREENWICH STREET CONDOMINIUM vs.         Page 3 of 7
SGN 443 GREENWICH STREET OWNER LLC ET AL
Motion No.  024

[* 3]

3 of 7

*First*, LIF has established that Third-Party Defendants[1] are not entitled to common-law indemnification. "In order to establish a claim for common-law indemnification, a party must 'prove not only that [it was] not negligent, but also that the proposed indemnitor . . . was responsible for negligence that contributed to the accident or, in the absence of any negligence, had the authority to direct, supervise, and control the work giving rise to the injury'" (*Shaughnessy v Huntington Hosp. Assn.*, 147 AD3d994, 999 [2d Dept 2017] [citations omitted]).

Here, this Court has already established that LIF was free from negligence for any of the alleged conditions in the underlying complaint in this action. In the September 4, 2025 Order granting LIF summary judgment on the Third-Party Complaint, this Court determined that "LIF has made a prima facie showing that LIF was not responsible for the work and materials identified in the underlying complaint, and Sponsor Defendants have not provided evidence to show a disputed question of fact." (*see* NYSCEF 1219 at 8). In reaching that conclusion, this Court found that there was no evidence that LIF provided any of the glass doors or garage doors at issue (*see id.* at 7). Moreover, the Court found that the Subcontract did not specifically state that LIF was to furnish *and install* (*see id.*). Since this Court has previously determined that LIF was not negligent for the alleged construction defects in the underlying complaint, all cross-claims asserted against LIF for common-law indemnification must be dismissed.

---

[1] Cross-claims for common-law indemnification were asserted by: Preserv Building Restoration Management Inc. ("Preserv"); DER Specialty Products, LLC ("DER"); FM NY, Inc. ("FM NY"); KSW Mechanical Services, Inc. ("KSW"); Direct Flooring, Inc. ("Direct Flooring"); Rockaway Contracting Corp. ("Rockaway"); Heritage Mechanical Services, Inc. ("Heritage"); Cadco Sales Corp. ("Cadco"); Urban-Suburban Recreation ("Urban-Suburban"); Horsepower Electric and Maintenance Corp. ("Horsepower"); Demar Plumbing Corp. ("Demar"), and SD Stairs & Railing Corp. ("SD Stairs").

656934/2021   BOARD OF MANAGERS OF THE 443 GREENWICH STREET CONDOMINIUM vs.          Page 4 of 7
SGN 443 GREENWICH STREET OWNER LLC ET AL
Motion No.  024

[* 4]                                                4 of 7

*Second*, LIF has established that Third-Party Defendants[2] are not entitled to contribution from LIF. As stated by this Court in its September 5, 2025 Decision and Order, the "basic requirement" of a claim for contribution is that the culpable parties must be "subject to liability for damages for the same personal injury, injury to property or wrongful death" and "[p]ure economic loss from a breach of contract is not a cognizable injury for a common law contribution claim" (NYSCEF 1219 at 9, quoting *Nassau Roofing & Sheet Metal Co., Inc. v Facilities Dev. Corp.*, 71 NY2d 599, 602-03 [1988]; *Children's Corner Learning Ctr. v A. Miranda Contr. Corp.*, 64 AD3d318, 323 [1st Dept 2009]).

Here, the underlying complaint alleges economic damages based on Sponsor Defendants' breach of contract, breach of fiduciary duties, and fraudulent behavior (*see* NYSCEF 1212). This would fall under the category of pecuniary loss for which contribution cannot be sought (*see Bd. of Managers of Hudson St. Condominium v 195 Hudson St. Assoc., LLC*, 37 AD3d 312 [1st Dept 2007] [finding that a party "may not seek contribution from the [] defendants where the alleged 'tort' is essentially a breach of contract claim"]). Accordingly, all cross-claims against LIF seeking contribution are dismissed.

*Third*, LIF has established that the contractual indemnification cross-claims should be dismissed due to the lack of any contractual relationship between Third-Party Defendants[3] and LIF for any work related to the 443 Greenwich Street Project.

---

[2] The following parties asserted cross-claims for contribution: Preserv, DER, FM NY, KSW, Direct Flooring, Rockaway, Heritage, Cadco, Urban-Suburban, Horsepower, Demar, and SD Stairs.

[3] The following parties asserted cross-claims for contractual indemnification against LIF: Preserv, KSW, Direct Flooring, Rockaway, Cadco, Urban-Suburban, and Horsepower.

**656934/2021   BOARD OF MANAGERS OF THE 443 GREENWICH STREET CONDOMINIUM vs.**            **Page 5 of 7**
**SGN 443 GREENWICH STREET OWNER LLC ET AL**
**Motion No. 024**

A claim for contractual indemnification requires contractual privity between the parties. "In order to recover upon a theory of indemnity, a party must have a contractual relationship with the entity from which indemnification is sought." (*SSDW Co. v Feldman-Misthopoulos Assoc.*, 151 AD2d 293, 295 [1st Dept 1989]). "In the absence of a contractual relationship (either express or implied) with any of the third-party defendants, the [] claims for indemnification cannot be sustained" (*id.*).

As stated in the Affirmation of Mark Farina, LIF did not enter into any contracts with Preserv, KSW, Direct Flooring, Rockaway, Cadco, Urban-Suburban, or Horsepower related to the 443 Greenwich Street project (*see* NYSCEF 1217 at ¶ 5). The only contract LIF entered into for the work at the project was with 443 Developer LLC (*see id.* at ¶ 6). Accordingly, given that there is no opposition to rebut this submission, the cross-claims for contractual indemnification cannot be sustained against LIF.

For the same reason, the cross-claims for breach of contract for failure to procure insurance from Third-Party Defendants Preserv, Direct Flooring, Rockaway, and Horsepower are dismissed. Since LIF has submitted that it did not enter into any contract or agreement with the aforementioned Third-Party Defendants relating to the 443 Greenwich Street project, and this evidence is unrebutted, LIF is under no obligation to procure insurance for these Third-Party Defendants, and the breach of contract cross-claims are dismissed.

Accordingly, it is

**ORDERED** that LIF's motion for Summary Judgment dismissing all Cross-Claims asserted against LIF is **GRANTED** and all such cross-claims are dismissed with prejudice.

This constitutes the Decision and Order of the Court.

656934/2021   BOARD OF MANAGERS OF THE 443 GREENWICH STREET CONDOMINIUM vs.
SGN 443 GREENWICH STREET OWNER LLC ET AL
Motion No.  024

Page 6 of 7

6 of 7

20260311134653JMCOHEN04BAF261F22B481Q8AF53E233B0F0FA2

**3/11/2026**
**DATE**

**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 7]